278 So.2d 611 (1973)
Amos WITHERSPOON, Appellant,
v.
STATE of Florida, Appellee.
Harold LITTLE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 42794, 42793.
Supreme Court of Florida.
May 30, 1973.
Phillip A. Hubbart, Public Defender, and Robert Rosenblatt, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
*612 ADKINS, Justice.
This is a direct appeal from the Metropolitan Court for Dade County which passed on the validity of Fla. Stat. § 800.02, F.S.A. We have jurisdiction pursuant to Fla. Const., art. V, § 3(b)(1), F.S.A.
The statute provides:
"Whoever commits any unnatural and lascivious act with another person shall be guilty of a misdemeanor of the second degree."
Appellants, Witherspoon and Little, do not question the nature of the act for which they were arrested, but rather, the validity of the statute on its face. They contend that the words "unnatural and lascivious" are so vague as to make an ordinary person guess at their meaning, and so broad as to invade the right of privacy and the constitutional rights of individuals guaranteed by the First and Fourteenth Amendments to the United States Constitution and the Declaration of Rights of the State of Florida.
A similar attack was raised against the use of the words "lewd and lascivious" in Fla. Stat. § 800.04, F.S.A., but this Court held the words sufficient in Chesebrough v. State, 255 So.2d 675 (Fla. 1971).
Under a factual situation almost identical to the case sub judice, in Franklin v. State, 257 So.2d 21 (Fla. 1971), the words "abominable and detestable crime against nature" in Fla. Stat. § 800.01, F.S.A., were held to be fatally vague. However, in so ruling, we approved the language of the statute here under review, Fla. Stat. § 800.02, F.S.A., by ordering the defendants in Franklin v. State, supra, sentenced under that statute. See also: Morris v. State, 261 So.2d 563 (Fla.App.2d, 1972).
Thus, we reaffirm our holding in Chesebrough v. State, supra, and Franklin v. State, supra, that the words "unnatural and lascivious" or "lewd and lascivious" are of such a character that an ordinary citizen can easily determine what character of act is intended, and are thus secure from constitutional attack.
Accordingly, the decision of the Municipal Court for Dade County appealed from is affirmed.
It is so ordered.
CARLTON, C.J., and ROBERTS, BOYD, McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents.