**T. Alton MURRAY**

v.

**STATE OF FLORIDA and Sheriff William Heidtman, Sheriff of Palm Beach County, Florida.**

**No. 74–3021–Civ–CF.**

United States District Court,
S. D. Florida.

Oct. 31, 1974.

tendere to two counts of committing an unnatural and lascivious act with another person in violation of Fla.Stat. § 800.02 (1973), and one count of causing a minor under eighteen to become a delinquent or dependent child in violation of Fla.Stat. § 828.21 (1973).

As grounds for relief petitioner alleges the following:

1. He was denied the effective assistance of counsel which rendered his nolo contendere plea involuntary, which plea was entered upon his counsel's advice.

2. The statutes which he was convicted of violating are unconstitutionally vague and overbroad.

An amended information was filed in the Criminal Court of Record on March 23, 1973 charging petitioner with the three counts set out above. Petitioner entered a written plea of not guilty on March 26, 1973. On March 28, he filed a motion to dismiss the information, attacking the constitutionality of the two Florida statutes. However, on May 8 petitioner withdrew his plea of not guilty and entered a plea of nolo contendere to all counts. The trial court adjudicated petitioner guilty on that date as to all counts, withheld sentence, ordered a pre-sentence investigation, and permitted petitioner to remain on his own recognizance.

On August 9 the court ordered a mental evaluation, committing petitioner to the County Jail pending the evaluation. Petitioner substituted counsel on August 23, and on that day his new counsel filed a Motion to Set Aside Plea. A hearing was held on that motion on August 30, and the trial court reserved ruling until its denial on September 18.

Petitioner was sentenced on October 12, 1973, and the trial court contemporaneously denied the motion to dismiss of March 28, which had challenged the constitutionality of the statutes.

Petitioner took an appeal of the court's ruling directly to the Florida Supreme Court which affirmed the decision per curiam, without opinion, on June 19, 1974. Murray v. State, 297 So.2d 568

Steven Koons, Asst. Atty. Gen., West Palm Beach, Fla., for State of Florida.

Nelson E. Bailey, West Palm Beach, Fla., for petitioner.

FULTON, Chief Judge.

T. Alton Murray has filed a Petition for Writ of Habeas Corpus attacking concurrent sentences of sixty (60) and ninety (90) days imprisonment, and eighteen (18) months probation, imposed on October 12, 1973 by the Criminal Court of Record in and for Palm Beach County, Florida. These sentences were imposed after a plea of nolo con-

(Fla.1974). A petition for rehearing was denied by the Florida Supreme Court on July 31, 1974.

Both of petitioner's instant grounds for relief were presented to the Florida Supreme Court in his direct appeal. Petitioner has, therefore, sufficiently exhausted his available state remedies.

The record indicates that on May 8, 1973 petitioner was adequately advised of his constitutional rights by the trial court, at the time of his plea of nolo contendere. The court carefully interrogated petitioner regarding his understanding of the nature of the charges and the voluntariness of his plea. (T 2, 3). Additionally, petitioner was apprised that, because of the nature of the charges and the official position he had previously held, i. e., Chief Juvenile Counselor of the Palm Beach County Juvenile Court, the court's initial inclination was to impose a severe sentence. The court then offered petitioner the opportunity to change his mind regarding the plea, based upon this likelihood of a heavy sentence. (T 3, 4).

At that stage of the proceeding, petitioner was permitted to again consult with his privately retained counsel in a separate room. The two consulted for a considerable length of time, out of the court's presence. Before this consultation, the trial court emphasized that petitioner's plea had not yet been accepted, and that petitioner still had the option to have the case tried by a jury. (T 9).

After this consultation with his counsel, petitioner chose to enter the plea of nolo contendere. (T 10).

On August 23, 1973 petitioner's substituted counsel filed a Motion to Set Aside Plea. A hearing was held on this motion on August 30. This court has carefully examined the transcript of this hearing and concludes that petitioner was afforded a full and fair hearing in accordance with the principles enunciated in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Therefore, no further evidentiary hearing is necessary.

Petitioner's first witness was his previous counsel, Mr. Joel T. Daves, upon whose advise the plea was entered. Mr. Daves testified that he had practiced law in Palm Beach County for approximately twenty years, had been the County Solicitor for five years, and had served in the state legislature. (T 16, 29, 61).

Although Mr. Daves often stated that he did not feel that he had satisfactorily prepared the case for trial, he also indicated that this self-estimation of his own efforts was a relative judgment based upon his own particular standards, and based upon those standards the case deserved major preparation for trial. (T 45, 46). Throughout the record, Mr. Daves' testimony fosters the premise that he is an advocate who has extremely high standards for case preparation. He often has great difficulty in accepting his own work as being completely satisfactory. (T 28–84).

However, Mr. Daves did admit to possessing a familiarity with local plea negotiation practices as well as discovery methods. (T 30). He stated that he had four or five conferences with petitioner, of approximately thirty or forty minutes duration each. (T 31).

Mr. Daves testified that he had spoken to the assistant state attorney, the Sheriff's officer in charge, and a Juvenile Court judge to elicit their understanding of the case and the substance of the evidence garnered. Such evidence included several taped conversations between petitioner and other agents, which were ostensibly very damaging to petitioner's defense. (T 32–42). It is apparent that Mr. Daves had a firm grasp of the charges and the evidence that could be adduced if the case were brought to trial.

Mr. Daves stated that he had concluded that the state's evidence was not flimsy, but indeed could well support a substantial case against petitioner. (T 36). Included in the proposed evidence were those taped conversations in which petitioner had admitted to actual parti-

cipation in homosexual activities with young children. (T 38).

Mr. Daves had conferred with petitioner's wife for a duration of approximately thirty or forty minutes. (T 42).

After gathering all of this information, Mr. Daves felt in his professional opinion that the case against petitioner was very substantial, and that a plea negotiation would be the proper course, especially in view of petitioner's family situation. Petitioner was neither coerced nor threatened by counsel in reaching his decision, nor was he ever promised probation in lieu of a prison sentence. (T 60).

Petitioner himself testified that he had considered his lawyer's advice, and had consulted also with his wife, who suggested that he think of their son in making his decision. (T 83). He stated that he had a college degree, and had performed postgraduate work as well as attended professional seminars. (T 93). He admitted that no one had threatened him or promised him anything in exchange for his plea. (T 112–115). He stated that he had worked at the courthouse for a period of twenty-two years and was indeed aware that a decision whether to go to trial or not was completely for the defendant to make. (T 122–126).

■ It is in the light of these factual considerations this court must determine whether first, petitioner received the effective representation of counsel, and if not, whether the alleged shortcomings in petitioner's counsel's representation so distorted the alternatives available to petitioner that his plea lacked the requisite cognition. Lee v. Hopper, 499 F.2d 456 [5th Cir. 1974]. "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Tollett v. Henderson, 411 U.S. 258, 266, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973). The correct legal standard for such "range of competence" is that of " . . . not errorless counsel, and not counsel judged ineffective by hindsight,

but counsel reasonably likely to render *and rendering* reasonably effective assistance." MacKenna v. Ellis, 280 F.2d 592, 599 (5th Cir. 1960). The Fifth Circuit in *Lee* stated:

> "Although the amount of investigatory effort required to render an attorney's advice on how to plead competent will necessarily vary with the difficulty of the factual and legal bases of the charges, an examination of recent decisions indicates that *less than the exhaustive and plenary investigation that would accompany a trial will satisfy the constitutional mandate.*" *Id.* 499 F.2d at 462. (Emphasis added)

The Court continued, quoting from Lamb v. Beto, 423 F.2d 85, 87 (5th Cir. 1970):

> " '[I]t appears that the only required duty of counsel under the most liberal construction when a plea of guilty is entered is that counsel  .  .  . should ascertain if the plea is entered voluntarily, and knowingly.'  .  .  . The words 'voluntarily' and 'knowingly' or 'understandingly' are, however, terms of art, the meanings of which are somewhat circumscribed." *Id.* 499 F.2d at 462.

■ In this regard it is reiterated that the sentencing court, as well as counsel himself, inquired into the knowledge and voluntariness on the part of petitioner before the plea was accepted. Petitioner does not allege that he was induced to plead by any conduct of the police, prosecutor or court. The court's threat of a severe sentence counters any possible inference of a promise of leniency.

The only inducement upon which petitioner bases his claim is that of allegedly poor advice on the part of Mr. Daves. "Effective counsel includes familiarity of counsel with the case and an opportunity to investigate it if necessary in order meaningfully to advise the accused of his options." Calloway v. Powell, 393 F.2d 886, 888 (5th Cir. 1970). It is clear from the record that Mr. Daves was familiar with the case, and had advised petitioner of his available op-

tions. The main emphasis throughout was not that of a great possibility of conviction, but instead, the absolute certainty of exposure to public ridicule that would ensue, whether or not the evidence was real. The fact that petitioner would require a trial in order to vindicate himself was under the circumstances a sufficient basis for his choice to plead nolo contendere.

The Fifth Circuit in *Lee* further stated:

" . . . evaluation of an attorney's efforts must never be made to turn solely on the ability of his newly dissatisfied client to show that the attorney might have done more than he did. *A decision to plead guilty can be intelligently made on less information than would be required to prepare a trial defense.* Even if the perfect vision of hindsight reveals a potentially meritorious defense in the backwaters left unexplored by an otherwise effective attorney, that alone would not dispel the voluntary nature of a decision to plead guilty." *Id.* 499 F.2d at 466. (Emphasis added)

Mr. Daves' own goals of errorless service and his self-dissatisfaction based upon hindsight are not material to the consideration of petitioner's claim. A strong case was evident, and although counsel exhibited shortcomings in preparing the case *for trial,* he represented the available options to his client accurately. Mr. Daves' professional performance and recommendations in that particular regard did not fall beyond the "range of competence" demanded of most criminal attorneys. The court concludes, therefore, that petitioner received effective representation, and that his plea of nolo contendere was entered freely and voluntarily.

Petitioner's final contention is that the Florida Statutes involved are constitutionally infirm for reasons of vagueness and overbreadth. He specifically attacks the phrase "unnatural and lascivious act" in Fla.Stat. § 800.02 (1973), and the phrase "any act which causes or tends to cause or encourage any person under the age of eighteen years to become a delinquent or dependent child" in Fla.Stat. § 828.21 (1973).

Petitioner relies upon the case of Cramp v. Board of Public Instruction of Orange County, Florida, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961), which held that a statute which forbids the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates due process of law.

■■ However, when the words assailed when read in context are commonly understood, their use does not render the statute invalid. The due process doctrine of vagueness necessarily incorporates notions of fair notice and warning. The legislature must simply inform the citizen with reasonable precision as to which acts are prohibited, so that the citizen may know which acts it is his duty to avoid. Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947).

The Florida Supreme Court has recently examined Fla.Stat. § 800.02 (1973) and held that it is not void for vagueness. Witherspoon v. State, 278 So.2d 611 (Fla.1973). *Cf.* State v. Fasano, 284 So.2d 683 (Fla.1973) and Bell v. State, 289 So.2d 388 (Fla.1973). Also, that Court has considered the provisions of Fla.Stat. § 828.21 and has decided that it neither suffers from vagueness nor overbreadth.

Additionally, the Fifth Circuit Court of Appeals in Miami Health Studios, Inc. v. City of Miami Beach, 491 F.2d 98 (5th Cir. 1974) reversed and remanded the United States District Court's findings that the term "lewdness" read in the context of another statute was unconstitutionally vague. The effect of the remand was that the statute involved, Fla.Stat. § 796.07 (1973) was not determined to be unconstitutional.

This court agrees with the Florida Supreme Court that the statutes attacked by petitioner are neither unconstitutionally vague nor overbroad. Certainly men of common understanding would understand and realize that homosexual activities with young boys are unnatural and lascivious acts. Additionally, men of common understanding would certainly agree that homosexual activity among young boys in their formative years would easily cause them to become delinquent children. The term "delinquent child" is clearly defined in Fla.Stat. § 39.01(12) (1973) as " . . . a child who commits a violation of law, regardless of where the violation occurs . . ." Petitioner's participation with such children in an illegal act is therefore by itself sufficient to cause them to become "delinquent" children. It is therefore clear that petitioner's allegations regarding due process of law are also without merit.

For these reasons, it is hereby

Ordered and adjudged that this Petition for Writ of Habeas Corpus be dismissed.