311 So.2d 384 (1975)
Thomas L. GILBERT, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1354.
District Court of Appeal of Florida, Third District.
April 22, 1975.
*385 Phillip A. Hubbart, Public Defender and Roy S. Wood, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Lance Stelzer, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
By indictment the appellant Thomas L. Gilbert and one William V. Watson were charged, in one count, with commission of first degree murder, and, in a second count, with the crime of robbery. In the criminal episode for which the defendant and Watson were indicted, two men robbed the victim and his wife, in the course of which one of the men shot and killed the victim.
The defendant Gilbert moved for and was granted separate trial, upon which he was found guilty by a jury of second degree murder and of robbery. Sentences were imposed for each of those offenses, and this appeal ensued.
We hold the contentions presented by the appellant for reversal are lacking in merit. Introduction of evidence of identification of the second man involved in the criminal episode (in addition to evidence of identification of the defendant) was not prejudicial error. McClendon v. State, Fla. 1967, 196 So.2d 905, 910; Hennessy v. State, Fla.App. 1967, 198 So.2d 37 (cert. den. 389 U.S. 994, 88 S.Ct. 496, 19 L.Ed.2d 489). The court was eminently correct in denying the defendant's motion for directed verdict of acquittal. The defendant did not testify, and presented no evidence. He challenges the sufficiency of the evidence to establish identification of him as a perpetrator of the alleged crimes. There was competent substantial evidence to support the verdict, and it was the province of the jury to resolve any conflicts in the evidence. There was evidence of positive identification of the defendant by the widow of the victim, prior to trial from photographs and a lineup, and at the trial. It was proper to impose sentences for the two crimes of which the defendant was found guilty. See Estevez v. State, Fla. 1975, 313 So.2d 692 (1975).
No reversible error having been shown, the judgment is affirmed.