326 So.2d 413 (1975)
Frank Douglas THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 46416.
Supreme Court of Florida.
December 3, 1975.
Rehearing Denied February 17, 1976.
Gerald Kogan and Stephen J. Kogan, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
Having been transferred by the District Court of Appeal, Third District, this cause is before us on direct appeal from an order of the Circuit Court in and for Dade County upholding the constitutionality of Section 800.02, Florida Statutes, thus vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution (1973).
*414 Appellant was charged by indictment with the crimes of extortion, assault and battery, conspiracy to commit an unnatural and lascivious act and committing an unnatural and lascivious act. The trial court denied appellant's motion to dismiss the indictment which was based on the ground that Section 800.02, Florida Statutes, is unconstitutional, thereby upholding the validity of said statute. He was found guilty of the crimes charged and was adjudicated guilty by the trial court and sentenced to a term of six months to three years in the state prison.
Appellant contends that his right to a fair and impartial trial was violated by closing remarks of the prosecuting attorney, that Section 800.02, Florida Statutes, is unconstitutionally vague and indefinite, and that the acts for which he was convicted do not constitute a violation of Section 800.02, Florida Statutes, and, therefore, the conviction should be reversed. Having carefully read and studied the record and briefs and having heard argument, we find that appellant's points on appeal are without merit.
Although appellant argues that numerous prejudicial and inflammatory remarks were made by the prosecutor in his closing argument, the defense objected to only two of these remarks. This Court stated in State v. Jones, 204 So.2d 515 (Fla. 1967), relative to the necessity that there be a timely objection to the challenged remarks, as follows:
"It has been suggested that some courts today seem to be preoccupied primarily in carefully assuring that the criminal has all his rights while at the same time giving little concern to the victim. Upon the shoulders of our courts rests the obligation to recognize and maintain a middle ground which will secure to the defendant on trial the rights afforded him by law without sacrificing protection of society. As Mr. Justice Cardozo explained in Snyder v. Commonwealth of Mass., 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674, 687:
"`But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true.'

"The Court now recants the statement of the exception upon which respondent relies and henceforth will review challenged argument of prosecutors only when an objection is timely made." (emphasis supplied)
Cf. Smith v. State, 243 So.2d 602 (Fla. App. 1971); Hall v. State, 203 So.2d 202 (Fla.App. 1967).
As to those remarks to which appellant failed to object, this Court will not consider appellant's objections. The two remarks which were objected to by defense counsel, to-wit:
"The entire department suffers from this man's actions and every other person 
"MR. GERALD KOGAN: Objection, Your Honor. That's improper argument to the jury.
"THE COURT: I'll sustain the objection. Proceed on.
* * * * * *
"I suggest to you it's too bad there's not a crime in the book called inhumanity to fellow human beings 
"MR. GERALD KOGAN: Objection, Your Honor, it is improper argument again.
"THE COURT: Proceed on, again.
"MR. GERALD KOGAN: We also move for a mistrial based on the comments by Mr. Carhart.

*415 "THE COURT: I'll deny the motion for Mistrial.
"Proceed on.
"Ask the jury to disregard that."
were not so harmful or fundamentally tainted so as to require a new trial. Wide latitude in the argument to a jury is permitted. This Court in Spencer v. State, 133 So.2d 729, at 731 (Fla. 1961), explained:
"The only other point urged for reversal is the contention that the remarks of the Assistant State Attorneys during the closing arguments were of such an inflammatory nature as to influence the jury unduly to the prejudice of the appellant. We think no useful purpose would be served by analyzing in detail the comments of the prosecuting officers. The rule is that considerable latitude is allowed in arguments on the merits of the case. Logical inferences from the evidence are permissible. Public prosecutors are allowed to advance to the jury all legitimate arguments within the limits of their forensic talents in order to effectuate their enforcement of the criminal laws. Their discussion of the evidence, so long as they remain within the limits of the record, is not to be condemned merely because they appeal to the jury to `perform their public duty' by bringing in a verdict of guilty. The prosecutors in the instant case remained within the bounds of the evidence. Washington v. State, 86 Fla. 533, 98 So. 605. In actuality, there is probably very little that the prosecutors themselves could have advanced which would have been any more damning of the conduct of this appellant than the gruesome evidence which was presented from the witness stand." (emphasis supplied)
Further, we announced in Paramore v. State, 229 So.2d 855 (Fla. 1969), that it will not be presumed that jurors are led astray to wrongful verdicts by impassioned eloquence and that, "It is well settled that the comments of counsel in the progress of a trial before a jury are controllable in the judicial discretion of the trial court, and an appellate court will not interfere with the exercise of such discretion unless a clear abuse thereof has been made to appear. See 6 F.L.P., Criminal Law, § 538. When an improper statement is made by counsel before it is practicable for the Court to prevent its utterance, the Court should visit upon such counsel prompt and fitting rebuke so as to impress on the jury the gross impropriety of being influenced thereby." The prosecutional remarks made sub judice, to which the defense objected, do not warrant reversal of appellant's conviction. Cf. Falcon v. State, 226 So.2d 399 (Fla. 1969); Sherman v. State, 255 So.2d 263 (Fla. 1971); Grant v. State, 194 So.2d 612 (Fla. 1967). The comments made sub judice were not so prejudicial so that no cautionary instruction or retraction could destroy their harmful effect. The trial judge sustained the objections to both comments and specifically asked the jury to disregard the second comment. He acted properly within his discretion in not declaring a mistrial.
Appellant next argues that the trial court erred in denying his motion to dismiss the indictment on the ground that Section 800.02, Florida Statutes, is unconstitutionally vague and indefinite because the language unnatural and lascivious is not sufficiently explicit as to define what conduct is prohibited. We adhere to recent decisions of this Court holding that the words "unnatural and lascivious" as used in Section 800.02, Florida Statutes, are not void for vagueness and that these words are of such a character that an ordinary citizen can easily determine what character or act is intended; and we are by no means persuaded that the position *416 taken in these cases and the reasoning upon which it was based are no longer valid. Witherspoon v. State, 278 So.2d 611 (Fla. 1973); State v. Fasano, 284 So.2d 683 (Fla. 1973). Cf. Chesebrough v. State, 255 So.2d 675 (Fla. 1971). See also: Murray v. State, 384 F. Supp. 574 (S.D.Fla. 1974).
Further, we find that the act of forced oral copulation, sub judice constitutes an unnatural and lascivious act within the meaning of Section 800.02, Florida Statutes. We note that in Washington v. State, 302 So.2d 401 (Fla. 1974), this Court cited with approval the following excerpt from the decision of the District Court of Appeal, First District, in Brinson v. State, 278 So.2d 317 (Fla.App. 1973):
"`In our view, the body and mind of a victim of a forcible sexual assault is no less outraged because the penetration by the assailant occurred in the anal orifice  as in the instant case  or in the oral orifice  as in the Parisi case [265 So.2d 699 (Fla. 1972)]  rather than in the vaginal orifice. In either case, it is a gross invasion of the privacy of one's body which cannot be tolerated by a civilized society.
"`... Accordingly, we hold that any forcible penetration by a man's sexual organ into any bodily orifice of another against the latter's will constitutes forcible carnal knowledge of the victim and upon conviction thereof is punishable under Section 794.01, Florida Statutes. F.S.A.'"
Relying on this Court's decision in Franklin v. State, 257 So.2d 21 (Fla. 1971), the District Court of Appeal, Second District, in Morris v. State, 261 So.2d 563 (Fla.App. 1972), opined:
"At this point, however, we interpose that the supreme court in Franklin and Joyce, supra, considered that F.S. § 800.02, F.S.A., which condemns as a misdemeanor any `unnatural and lascivious act with another person,' is constitutional. It follows that that court must deem this statute, unlike § 800.01, supra, to be quite clear and certain, and it must further follow that it thinks it to be set forth in language which is relevant to today's society.
"Furthermore, the court there held that an `unnatural and lascivious act with another person' was, under the evidence in those cases, a lesser included offense within the `abominable and detestable crime against nature' offense charged. Whereupon, the court reversed the judgments of guilty of the higher offenses and remanded the causes with instructions to enter judgments of guilty of the lesser offense and to impose sentence accordingly.
"We pursue the same course. A careful reading of the record discloses that not only did the evidence support a finding of guilty of the common law offense of copulation per anus, formerly thought condemned by the now voided F.S. § 800.01, F.S.A., but it is more than sufficient to support a finding of guilty to the unnatural and lascivious act now clearly and certainly condemned by F.S. § 800.02, F.S.A. Additionally, the defendant requested, and received a jury instruction of such lesser offense at trial."
In summary, we find that the prosecutorial closing remarks, objections to which were sustained by the trial court, do not warrant reversal of the convictions and a new trial, that Section 800.02, Florida Statutes, is constitutional, and that the acts committed by appellant fall within the language of Section 800.02, Florida Statutes.
Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
*417 ADKINS, C.J., and OVERTON, J., and MORPHONIOS and TENCH, Circuit Judges, concur.
ENGLAND, J., dissents with an opinion with which ALDERMAN, Circuit Judge, concurs.
ALDERMAN, Circuit Judge, concurs in part and dissents in part with an opinion.
ENGLAND, Justice (dissenting).
I respectfully dissent from that portion of the majority opinion which holds Section 800.02 to be constitutional. The acts giving rise to appellant's convictions took place while appellant was a member of the Miami police force. Testimony elicited at appellant's trial showed that one Carol Sue Hall engaged in oral copulation with appellant and other police officer witnesses. The evidence was contradictory as to whether this activity was voluntary or was performed through defendant's coercion of Miss Hall.
Section 800.02, Fla. Stat. provides:
"Whoever commits any unnatural and lascivious act with another person shall be guilty of a misdemeanor of the second degree... ."
This Court recently held that the words "unnatural and lascivious", as used in Section 800.02, were not void for vagueness. Witherspoon v. State, 278 So.2d 611 (Fla. 1973). That decision was followed in State v. Fasano, 284 So.2d 683 (Fla. 1973). The gist of appellant's argument here is that we should recede from those decisions, and that we should liken the words in this statute to the words "abominable and detestable crime against nature", which we found fatally vague in Franklin v. State, 257 So.2d 21 (Fla. 1971). That same argument was expressly rejected in Witherspoon.[1] Nonetheless, I believe there exist compelling reasons to overrule Witherspoon and Fasano, and to hold that Section 800.02 is unconstitutional on its face.
When the Court decided Franklin in 1971, the language of a 100-year old sex offense law was scrutinized for constitutionality based on society's changed, contemporary understandings of subjects, expressions and experiences. The Court there directed its analysis to the law's current, rather than historic, responsiveness to societal standards, and under that analysis the phrase "abominable and detestable crime against nature" was found devoid of understandable meaning to today's average citizen. In striking the law, the Court stated that other vintage sex offense statutes also warranted "immediate legislative review and action",[2] noting that until legislative study was complete society would be protected by the less harsh statute which we now have under review.[3]
There has been no substantive change in this criminal sex offense law since 1971, and the question of its constitutional clarity has again been brought to us for review. I believe the time has come to relax the restraint which the Court exercised with respect to this law in Franklin, and to test Section 800.02 against the Franklin standards which we applied to Section 800.01.
Section 800.02 was enacted in 1917, and has remained unchanged in its description of the proscribed conduct since passage. The changes in society's experiences, expressions and understanding as to sex activities and offenses have changed as dramatically in 58 years as they have in 100 years.[4] For the purpose of analyzing this *418 law against present day morality, Section 800.02's reference to "unnatural" acts can be juxtaposed against the infirmity found in Section 800.01's reference to crimes "against nature". Parity is found in the fact that both require some notion of a contemporaneous standard for what is either natural or unnatural.[5]
Three other considerations that impelled invalidation in Franklin also point in that direction here. First, if the Court now invalidates this law society will still be protected by the criminal statutes proscribing assault and battery.[6] Second, if the legislature concludes that modern society requires additional laws directed at specific sex offenses not already proscribed,[7] it is always free to outlaw such objectionable conduct in understandable language of the day.[8] Third, although a possible 60-day jail sentence under Section 800.02 is obviously not as severe as a possible 20-year jail sentence under the law invalidated in Franklin, incarceration for even that lesser period will be no less devastating to one who thought, before his arrest, charge and conviction, that our enlightened society considered his conduct "natural".
For these reasons, I would hold that Section 800.02 is invalid on its face.[9]
ALDERMAN, JAMES E., Circuit Judge, concurs.
ALDERMAN, JAMES E., Circuit Judge (concurring in part and dissenting in part):
I agree with that part of the majority opinion by Justice Roberts which holds that the prosecutor's closing remarks did not warrant reversal of the conviction and a new trial. However, I believe Section 800.02 to be unconstitutional on its face, and I concur with the dissenting opinion by Justice England on this issue.
NOTES
[1] Prior to Witherspoon, Section 800.02 was impliedly upheld in Franklin and in Parisi v. State, 265 So.2d 699 (Fla. 1972).
[2] 257 So.2d at 22.
[3] 257 So.2d at 24. Violations of Section 800.01 constituted a second degree felony, whereas violations of Section 800.02 constititute a second degree misdemeanor.
[4] In Franklin, the Court noted that society's views in these areas had changed in just the last decade. 257 So.2d at 23.
[5] Appellant argues that oral copulation between consenting adults is "natural" in today's society. In light of the conflicting testimony as to whether that conduct in this case was voluntary or coerced, it is unnecessary, and I would expressly decline, to consider that point.
[6] In this case, for example, appellant was convicted of assault and battery for the same events which gave rise to his indictment for sex offense crimes.
[7] In Washington v. State, 302 So.2d 401 (Fla. 1974), the Court upheld the validity of Section 794.01(2), Fla. Stat., a carnal knowledge statute, against a constitutional attack on vagueness.
[8] Although the legislature may want to consider whether the criminal justice system should ever be utilized to protect society from the unusual sexual acts (whatever they may be) of consenting adults, I would not suggest that we invalidate this statute on the ground that the system should not be so employed. We do not have that situation before us. The evidence in this case warranted a jury determination that the conduct was coerced.
[9] It is generally undesirable to overturn case law as current as Witherspoon and Fasano unless there are intervening events of compelling legal significance. The concepts of stare decisis and judicial restraint are too vital to our system of jurisprudence to accommodate simple changes of heart or court personnel. An invalidation of this statute so soon after a declaration of its validity would be justified only by the Court's expression of constitutional concern in Franklin, by intervening legislative inattention, by the extensive use of this statute by law enforcement officials (as suggested by Witherspoon, Fasano and this case), and by the persuasive parallels between this law and the one we voided in Franklin. This last factor, especially, avoids any characterization of invalidation as a state-level "makeweight", and it provides a foundation compatible with the policies behind "ordered liberty". See Note, The Voidfor-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67 (1960).