332 So.2d 69 (1976)
George JOHNSEN, Appellant,
v.
STATE of Florida, Appellee.
David W. BETHEL, Appellant,
v.
State of Florida, Appellee.
Jesse Lee CAUSEY, Appellant,
v.
State of Florida, Appellee.
Dennis VALDEZ, Appellant,
v.
State of Florida, Appellee.
Nos. 46208, 45999, 45964 and 45965.
Supreme Court of Florida.
April 21, 1976.
Rehearing Denied June 10, 1976.
Albert S.C. Millar, Jr. and Gerald Kogan and Stephen J. Kogan, Miami, for appellants.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky and Frank Gomez, Asst. Attys. Gen., for appellee.
ROBERTS, Justice.
This cause is before us on direct appeal to review judgments of the trial court impliedly upholding the constitutional validity of Section 800.02, Florida Statutes. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution. Harrell's Candy Kitchen v. Sarasota-Manatee Airport Auth., 111 So.2d 439 (Fla. *70 1959), Demko's Gold Coast Trailer Park v. Palm Beach County, 218 So.2d 745 (Fla. 1969), Ogle v. Pepin, 273 So.2d 391 (Fla. 1973).
Appellants were indicted along with Frank Douglas Thomas by the Dade County Grand Jury. Thomas and Appellants Causey and Valdez[1] were charged with the crimes of extortion, assault and battery, conspiracy to commit an unnatural and lascivious act and committing an unnatural and lascivious act. Bethel was charged with the crimes of assault and battery, conspiracy to commit an unnatural and lascivious act and committing an unnatural and lascivious act. Johnsen was charged with assault and battery and conspiracy to commit an unnatural and lascivious act. Thomas and appellants jointly filed a motion to dismiss based on the ground that Section 800.02, Florida Statutes, is unconstitutional. Another motion to dismiss was filed contending that the indictment failed to properly allege any offenses against the laws of the State of Florida. The motions to dismiss were denied by the trial court. Appellants Causey, Valdez and Bethel were found guilty of the crimes conspiracy to commit an unnatural and lascivious act and committing an unnatural and lascivious act and Johnsen was found guilty of the crime of conspiracy to commit an unnatural and lascivious act. Causey and Valdez were adjudicated guilty by the court and sentenced to 60 days in the county stockade with the provision that the remaining 30 days be suspended after 30 days has been served and two years reporting probation after serving the 30 days on the conspiracy count, and two years reporting probation to run concurrently with the above probation on count four of the indictment, commission of an unnatural and lascivious act. Bethel was adjudicated guilty and was sentenced to 30 days in the county stockade with the provision that it be served on weekends and upon the service of three weekends the remainder of the sentence to be suspended, and to two years probation. Johnsen was adjudicated guilty and sentenced to sixty days in the county stockade with the final 30 days thereof to be suspended upon serving of 30 days and to two years probation.
Appellants argue that Section 800.02, Florida Statutes, is unconstitutionally vague and indefinite and that the acts for which they were convicted under counts 3 and 4 of the indictment are not a violation of Section 800.02, Florida Statutes, and that, therefore, the conviction should be reversed. Frank Douglas Thomas who was charged in the same indictment as appellants and who joined in their motions to dismiss before his motion for severance raised these same issues on appeal of his judgment of guilt to this Court in Thomas v. State, 326 So.2d 413 (Fla. 1975), Case No. 46,416, filed December 3, 1975, Rehearing denied February 17, 1976, wherein we affirmed the judgment of the trial court, held that Section 800.02, Florida Statutes, is constitutional, and held that the acts committed by Thomas as charged in the indictment did constitute a violation of Section 800.02, Florida Statutes. As to these points, the judgment of the trial court is affirmed on the authority of Thomas v. State, supra.
Appellants contend that the closing argument of the prosecution contained several inflammatory and abusive remarks so as to constitute a violation of appellants' fundamental rights to a fair and impartial trial and that, accordingly, the trial court erred in denying motions for mistrial. In Thomas v. State, supra, as to appellant's *71 contention that certain prosecutorial remarks made in closing argument were so prejudicial and inflammatory thereby warranting declaration of a mistrial, this Court opined:
"Wide latitude in the argument to a jury is permitted. This Court in Spencer v. State, 133 So.2d 729, at 731 (Fla. 1961), explained:
"`The only other point urged for reversal is the contention that the remarks of the Assistant State Attorneys during the closing arguments were of such an inflammatory nature as to influence the jury unduly to the prejudice of the appellant. We think no useful purpose would be served by analyzing in detail the comments of the prosecuting officers. The rule is that considerable latitude is allowed in arguments on the merits of the case. Logical inferences from the evidence are permissible. Public prosecutors are allowed to advance to the jury all legitimate arguments within the limits of their forensic talents in order to effectuate their enforcement of the criminal laws. Their discussion of the evidence, so long as they remain within the limits of the record, is not to be condemned merely because they appeal to the jury to `perform their public duty' by bringing in a verdict of guilty. The prosecutors in the instant case remained within the bounds of the evidence. Washington v. State, 86 Fla. 533, 98 So. 605. In actuality, there is probably very little that the prosecutors themselves could have advanced which would have been any more damning of the conduct of this appellant than the gruesome evidence which was presented from the witness stand.' (emphasis supplied)
"Further, we announced in Paramore v. State, 229 So.2d 855 (Fla. 1969), that it will not be presumed that jurors are led astray to wrongful verdicts by impassioned eloquence and that, `It is well settled that the comments of counsel in the progress of a trial before a jury are controllable in the judicial discretion of the trial court, and an appellate court will not interfere with the exercise of such discretion unless a clear abuse thereof has been made to appear. See 6 F.L.P., Criminal Law, § 538. When an improper statement is made by counsel before it is practicable for the Court to prevent its utterance, the Court should visit upon such counsel prompt and fitting rebuke so as to impress on the jury the gross impropriety of being influenced thereby.' The prosecutional remarks made sub judice, to which the defense objected, do not warrant reversal of appellant's conviction. Cf. Falcon v. State, 226 So.2d 399 (Fla. 1969); Sherman v. State, 255 So.2d 263 (Fla. 1971); Grant v. State, 194 So.2d 612 (Fla. 1967). The comments made sub judice were not so prejudicial so that no cautionary instruction or retraction could destroy their harmful effect. The trial judge sustained the objections to both comments and specifically asked the jury to disregard the second comment. He acted properly within his discretion in not declaring a mistrial."
We find that the trial court did not abuse his discretion in refusing to grant a mistrial in the instant cause. In Perry v. State, 146 Fla. 187, 200 So. 525 (1941), this Court stated:
"The granting of a mistrial should be only for a specified fundamental or prejudicial error which has been committed in the trial of such a nature as will vitiate the result. See C.W. Hunt Co. v. Boston Elevated Ry. Co., 217 Mass. 319, 104 N.E. 728; Illinois Oil Co. v. Grandstaff, 118 Okla. 101, 246 P. 832. When such a fundamental or prejudicial error has been committed as will necessitate the granting of a new trial later, it is within the province of the trial judge, upon proper motion, to grant a mistrial at that point. However, when an alleged error is committed which does no substantial harm and the defendant is not *72 materially prejudiced by the occurrence, the court should deny the motion for a mistrial. See Daugherty v. State, 143 Fla. 578, 197 So. 501, certiorari denied, [311 U.S. 648] 61 S.Ct. 44, 85 L.Ed. 414. The granting of a mistrial effectively stops the proceedings when fundamental or prejudicial error has been committed, to save the time and expense of further procedure in the trial; but a mistrial should not be granted when the error committed is not prejudicial to the substantial rights of the defendant. Where improper questions are asked a witness by counsel in the presence of the jury, the proper procedure is for the defendant to request the court to instruct the jury to disregard such objectionable remarks, and not that a mistrial be entered by the court, unless the remarks are such that instructing the jury to disregard them would not cure the error. Morris v. State, 100 Fla. 850, 130 So. 582." (Emphasis supplied)
Cf. Adkins v. Smith, 205 So.2d 530 (Fla. 1968).
The objectionable remarks made by the prosecutor sub judice were not so prejudicial that no cautionary curative instructions given by the trial judge could negate their harmful effect.
We have carefully reviewed all other points raised on appeal and argued in the briefs submitted by appellants and find them to be without merit.
Accordingly, no reversible error[2] having been made to appear, the judgments of the trial court are affirmed.
It is so ordered.
OVERTON, C.J., and ADKINS and BOYD, JJ., concur.
ENGLAND, J., dissents with an opinion.
ENGLAND, Justice (dissenting).
I respectfully dissent. As the majority notes, appellants were charged in the same indictment as Frank Douglas Thomas and joined with him in the same motion to dismiss the charges based on the invalidity of Section 800.02, Florida Statutes (1973). Thomas' conviction was upheld in a decision upholding that statute, from which I dissented. Thomas v. State, Case No. 46,416, opinion filed December 3, 1975. For the reasons I expressed in Thomas, I dissent here.
NOTES
[1] Thomas was charged in the same indictment for the crimes extortion, assault and battery, conspiracy to commit an unnatural and lascivious act and committing an unnatural and lascivious act. However, having moved for severance which motion was granted, he was tried separately, was convicted of the crimes charged, was adjudicated guilty by the trial court and was sentenced to a term of six months to three years in the state prison.
[2] Section 924.33, Florida Statutes, provides: "When judgment not to be reversed or modified. No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."