339 So.2d 312 (1976)
Edward Alonzo FRIERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-240.
District Court of Appeal of Florida, Third District.
November 23, 1976.
Phillip A. Hubbart, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
Edward Alonzo Frierson was charged by information with second degree murder. He was tried by jury, found guilty of third degree murder, convicted and sentenced to ten years in the state penitentiary. The sole question presented on this appeal is whether the trial court erred in denying defense counsel's motion for a mistrial based on an allegedly inflammatory and prejudicial comment made by the prosecutor in closing argument.
As a general rule, a considerable degree of latitude is allowed prosecutors in closing argument to the jury, and logical inferences from the evidence are permissible. Wilson v. State, 305 So.2d 50, 52 (Fla. 3rd DCA 1974); Thomas v. State, 326 So.2d 413, 415 (Fla. 1975), and cases cited therein. Accord: Johnsen v. State, 332 So.2d 69 (Fla. 1976). Each case involving an alleged inflammatory or abusive remark by the prosecutor must be considered on its own merits and within the circumstances existing at the time the questionable statement was *313 made, and if there is ample basis in the record to support the remark, a conviction will be affirmed. Darden v. State, 329 So.2d 287, 291 (Fla. 1976).
In the context of the record in this case, the remark was neither so harmful, nor fundamentally tainted as to require a new trial. A mistrial is the remedy when the corrective instruction is denied or is inadequate or when the offense is repeated. Mabery v. State, 303 So.2d 369 (Fla. 3rd DCA 1974). Accordingly, we find that the trial court acted properly in instructing the jury to disregard the remark and in not granting a mistrial.
Affirmed.