348 So.2d 646 (1977)
Truluck Herbert JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1194.
District Court of Appeal of Florida, Third District.
August 2, 1977.
*647 Bennett H. Brummer, Public Defender and Irv J. Lamel, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Truluck Herbert Johnson appeals his conviction for robbery and unlawful possession of a firearm during the commission of a felony and, for one of his two points contends that he was deprived of a fair trial as a result of the prosecutor's following inflammatory remark in his closing argument to the jury:
"It's not fair to the rest of the people of this community to let those two robbers walk out of this door and take that escalator down to the first floor and take a bus down to 22nd Street. It's just not fair.
"They didn't think about the people in your community back in September.
"MR. WILSON: I'll object to this. I would ask your Honor to instruct the jury that this be completely disregarded, the whole thing, the use of the word, `robbers' 
"MR. WAKSMAN: They're charged with robbery.
"THE COURT: The jury will disregard the last statement of the prosecutor."
First, we note that defendant was tried jointly with a co-defendant and counsel for co-defendant objected to the above remark and requested a curative instruction. Counsel for defendant having acted independently of counsel for co-defendant during the proceedings and having failed to expressly adopt the above objection, has thereby waived his objection thereto. See Wright v. State, 318 So.2d 477 (Fla. 4th DCA 1975).
Assuming arguendo that defendant's counsel had made a timely objection, we do not believe defendant has made reversible error to appear.
It is not presumed that the jurors are led astray to wrongful verdicts by impassioned eloquence. Paramore v. State, 229 So.2d 855 (Fla. 1969). A considerable degree of latitude is allowed prosecutors in closing argument to the jury. Thomas v. State, 326 So.2d 413, 415 (Fla. 1975).
Considering this case on its own merits and within the circumstances existing at the time the questionable statement was made, we find that the subject remark was neither so harmful nor fundamentally tainted as to require a new trial, and the trial judge properly instructed the jury to disregard the remark. See Thomas, supra, and Frierson v. State, 339 So.2d 312 (Fla. 3d DCA 1976); Cf. Wingate v. State, 232 So.2d 44 (Fla. 3d DCA 1970).
Last, the record reflects that counsel for co-defendant upon objection asked for a curative instruction and not a new trial and, therefore, upon receiving and accepting the curative instruction, the error, if any, was waived. See Foster v. State, 266 So.2d 97, 100 (Fla. 3d DCA 1972).
For his other point on appeal defendant argues that the evidence was insufficient to establish identification of him as one of the perpetrators of the robbery.
A review of the record establishes that defendant was positively identified by Ms. Greene, one of the barmaids, and Mr. Chester, a patron in the bar at the time of the robbery. They based their identifications on his voice, physical appearance and manner of walking. Both, having previously been acquainted with the defendant, gave his first name to the police who arrived on the scene just after the robbery and positively identified him as one of the robbers during a photographic line-up. Positive identification having been made by two people who had an opportunity to observe the crime, we find there was ample evidence to support the jury's finding that defendant was one of the perpetrators of the robbery and it was within the jury's province to reject the alibi testimony presented in view of Ms. Greene's and Mr. *648 Chester's testimony. See Martin v. State, 100 Fla. 16, 129 So. 112 (1930); Wright v. State, 182 So.2d 264 (Fla. 3d DCA 1966); Stuckey v. State, 199 So.2d 137 (Fla. 3d DCA 1967); Jenkins v. State, 208 So.2d 276 (Fla. 3d DCA 1968); Cason v. State, 211 So.2d 604 (Fla. 2d DCA 1968); Smith v. State, 221 So.2d 216 (Fla. 3d DCA 1969); Gilbert v. State, 311 So.2d 384 (Fla. 3d DCA 1975).
Affirmed.