MELVIN, Judge,
dissenting.
This case involves Florida Statute 800.02.
Petitioner, Glenn Thomas Mohr, was charged in the County Court of Duval County with an “unnatural and lascivious act with another person” in that he did “rub the genital area” of that person contrary to section 800.02, Florida Statutes. He was there found guilty by the court sitting without a jury and sentenced to thirty days in the county jail. He appealed directly to the Supreme Court of Florida, attacking the constitutionality of the statute. The Supreme Court, observing that “the validity of section 800.02, Florida Statutes, having been recently upheld by this court,” transferred the appeal to the Circuit Court in and for Duval County. There the judgment and sentence were affirmed. Mohr then petitioned this court for common law certio-rari, alleging a departure from the essential requirements of law. We, without hearing or briefs denied the petition.
Mohr has now filed a Motion for Rehearing. In my view that motion should be granted and an order to show cause pursuant to Rule 9.100(f), Florida Rules of Appellate Procedure, should be issued directing the State to show cause why relief should not be granted to the petitioner.
A careful reading of the Petition for Common Law Certiorari reflects, in my view, that there has been a departure from the essential requirements of law in two respects: First, the evidence adduced in the trial court does not sustain a conviction of the alleged crime charged. Second, if the conduct of which Mohr is alleged to have been guilty, as proved by the evidence, is sufficient to sustain a conviction under F.S. 800.02, then that statute is unconstitutional as applied to the facts of this case.
Chapter 800, Florida Statutes, is entitled “Crime Against Nature; Indecent Exposure”. F.S. 800.02 is entitled “Unnatural and Lascivious Act” and provides:
“Whoever commits an unnatural and lascivious act with another person shall be guilty of a misdemeanor of the second degree, * * * ”.
An unnatural and lascivious act with another person has generally been conceived of in the legal sense to refer to sexual activity undertaken or completed. The appellate decisions upholding the facial constitutionality of the statute have done so on the theory that the conduct proscribed by the statute is oral or anal sex. (See Franklin v. State, 257 So.2d 21 (Fla.1971); Witherspoon v. State, 278 So.2d 611 (Fla., 1973); State v. Fasano, 284 So.2d 683 (Fla., 1973); Bell v. State, 289 So.2d 388 (Fla., 1973); Thomas v. State, 326 So.2d 413 (Fla., 1975), and Johnsen v. State, 332 So.2d 69 (Fla.App., 1976).)
At its strongest, the evidence in this case reveals only that Mohr, a fully clothed *19 male, while driving an automobile in the company of another fully clothed male policeman touched or squeezed the latter’s genital area. Under no stretch of the imagination would the ordinary citizen consider such an act as being proscribed by F.S. 800.02 as an “unnatural and lascivious act”. From ought that appears from the application of the alleged conduct in this case to the alleged crime a male physician giving another male the traditional Army, Navy, or Marine Corps “short arm examination” would be guilty of a crime.
Clearly the language of the statute does not meet the recognized constitutional test that it inform the average person of common intelligence as to what is prohibited so that he need not speculate as to the statutory meaning, if the mere touching or squeezing of the genital area is to be construed as conduct proscribed by the statute. If the language does not meet that test, then it is unconstitutional. (See Franklin v. State, supra.) If a statute is to be held constitutional it must set forth in language which is relevant to today’s society and is understandable to the average citizen of common intelligence what conduct is proscribed. If any conduct other than that which has traditionally been considered as being proscribed by the statute, viz: Oral or anal sex, is 'to be construed as being in violation thereof then the statute, in such application, is clearly unconstitutional. As stated by the Supreme Court of Florida in Franklin v. State, supra, quoting authority:
“This statute provides a penalty for a crime, but fails to delineate what conduct will violate its terms.”
In my view the evidence does not sustain the conviction. Further, in my view, if the evidence adduced is to be construed as being proscribed by the statute (F.S. 800.02) then, as applied, the statute is unconstitutional. Although the Supreme Court of Florida has repeatedly upheld the constitutionality of the statute it has never done so under factual circumstances such as those presented in the Petition for Common Law Certiorari filed in this court.
I would vacate our prior order denying the Petition and issue an order to show cause, as above mentioned.