ON MOTION FOR REHEARING
PER CURIAM.
We affirm the convictions of the defendant for kidnapping, sexual battery, *1293 burglary, and robbery, on a finding that the trial court’s ruling admitting evidence relating to the identification of a severed codefendant, even if erroneous, was rendered harmless by the overwhelming evidence of guilt. See Gilbert v. State, 311 So.2d 384 (Pla. 3d DCA 1975), and cases cited therein.
We also find that the trial court properly instructed the jury that the defendant would be sentenced to between twelve and seventeen years if he elected to be sentenced under the new guidelines,[1] since he also instructed the jury that the maximum/minimum sentence without the use of the guidelines would be life or any lesser term including probation. The imposition of four twenty-five year concurrent sentences was not error where the defendant did not affirmatively elect to be sentenced under the new sentencing guidelines, and where the defendant was sentenced pursuant to a negotiated sentence that he had approved.
Affirmed.

. For the reason that the defendant was convicted of crimes committed prior to October 1, 1983, which were not capital felonies, he could elect to be sentenced under the new guidelines. See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla.1983); Fla.R.Crim.P. 3.701(c) and committee note thereto.