CAMPBELL, Acting Chief Judge.
Appellant was convicted of sale and possession of cocaine following a street bust. He challenges both his convictions and his sentence. We find no merit in appellant’s first issue, the prosecutor’s allegedly improper comment. However, because the court did err in sentencing appellant using an erroneous scoresheet, we remand for the trial court to resentence appellant under a corrected scoresheet.
Appellant argues first that the prosecutor improperly argued in closing that during this street bust, the safety of the officers involved was a matter of some concern. We note first that counsel is accorded wide discretion in closing argument. See Thomas v. State, 326 So.2d 413 (Fla.1975). Moreover, the prosecutor’s argument here was directed at defense counsel’s attempts to portray the police work as shoddy and incomplete. Defense counsel argued repeatedly that law enforcement had failed to videotape or photograph the scene. The prosecutor’s arguments were merely an attempt to explain why the officers had not videotaped or photographed the scene. There is no error here. The prosecutor’s argument was proper comment on the evidence. See Tarrant v. State, 537 So.2d 150 (Fla. 2d DCA 1989).
Appellant argues next that the court erred in sentencing him using an erroneous scoresheet. Although appellant failed to raise this issue below, we believe that under Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999), this was fundamental error because the error improperly extended appellant’s incarceration.
Appellant was sentenced to the minimum range of his guidelines score, 34.35 months’ imprisonment. However, the scoresheet was improperly calculated be *800 cause it included points for two offenses that had been previously dismissed. The correct minimum score, after the two offenses were removed, was 32.4 months’ imprisonment. Given the fact that the court apparently intended to sentence appellant to the bottom of the guidelines, we cannot say that the inclusion of the two offenses and the additional scoresheet points did not result in imposition of a more severe sanction. Accordingly, we remand for resentencing.
THREADGILL and STRINGER, JJ„ Concur.