954 So.2d 1183 (2007)
Antonio FIDDEMON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1394.
District Court of Appeal of Florida, Fourth District.
April 11, 2007.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Fiddemon's conviction and sentence for robbery with a firearm. The sole issue is whether the trial court abused its discretion in denying a motion for mistrial.
Fiddemon was identified by the victim as the person who had robbed her at gunpoint. The only other witness was the arresting officer. During the officer's testimony, the state asked what had brought Fiddemon to the officer's attention. He answered, "One of our robbery Detective [sic], Detective Kerr, had been doing an investigation on a couple [of] robberies that occurred on the previous day, on this *1184 particular day." The defense promptly asked to approach the bench and moved for a mistrial.
The state responded that the officer had not even completed his answer to the prosecutor's question, had not mentioned Fiddemon's name, and did not link the investigated robberies to Fiddemon. Although there was no formal objection to the question prior to counsel's seeking the mistrial, the trial court recognized the motion as such and sustained it in granting the curative instruction. Recognizing that the question was improper, the court instructed the jury, "Folks, I am going to sustained [sic] the Defense counsel's objection to the witness' prior testimony. And I am striking it from the record, and ask you to disregard it."
At this point, the jury was excused, the trial court denied the motion for mistrial, and the officer was counseled that he could not mention any prior robberies with regard to Fiddemon while testifying.
The victim remembered Fiddemon distinctly and confidently identified him in the courtroom as she had in a photo line-up the day after the robbery.
A motion for mistrial is addressed to the sound discretion of the trial judge. Salvatore v. State, 366 So.2d 745, 750 (Fla.1978). "[A] mistrial is appropriate only when the error committed was so prejudicial as to vitiate the entire trial." Duest v. State, 462 So.2d 446, 448 (Fla. 1985). When an error does no substantial harm and fails to materially prejudice the defendant, the trial court properly denies a motion for mistrial. Johnsen v. State, 332 So.2d 69, 71 (Fla.1976).
The trial court concluded that the police officer's general reference to another officer's robbery investigation, without naming Fiddemon as a target of the investigation, did not rise to the level of prejudicial error requiring a mistrial. We cannot say this constituted an abuse of discretion. Defense counsel interrupted the officer's testimony, heading off further objectionable statements. The statement was somewhat indefinite and was not expressly linked to Fiddemon as a suspect. We note that the defense raised no objection to the sufficiency of the curative instruction.
Therefore, the judgment and sentence are affirmed.
FARMER and MAY, JJ., concur.