PETER LUSTER AND PEGGY DEMERE, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In a trial for any criminal offence not punishable capitally, a Circuit Judge may charge the [jury orally, if he is not requested, on behalf of the State or the prisoner before the evidence is closed, to charge in writing.

2. To convict of the offence of lewdly and lasciviously associating and cohabiting together, under section 7, p. 375, McC's. Dig., the evidence must show a dwelling or living together by the parties as if the conjugal relation existed. A single or mere occasional acts of incontinency are insufficient to sustain the charge.

3. The object of the statute is to prohibit the public scandal and disgrace of such living together by persons of opposite sexes who are unmarried to each other.

Writ of Errror to the Circuit Court for Levy county.

The facts of the case are stated in the opinion.

No counsel appeared for the Plaintiffs in Error.

*The Attorney-General* for Defendant in Error.

MR. JUSTICE RANEY delivered the opinion of the court:

The statute under which the plaintiffs in error were convicted enacts that "if any man and woman, not being married to each other, lewdly and, lasciviously associate and

cohabit together," they shall be punished as therein provided. §7, p. 375, McC.'s Dig. The indictment charges the offence to have been committed in Levy county, on January 1st, 1885, and on divers other days between such day and the first day of November of the same year, and that the parties were not married to each other. The trial took place on the 21st day of April, 1886.

The first assignment of error is that the Circuit Judge erred in charging the jury orally instead of by a written charge. In trials for misdemeanors, or for felonies not punishable capitally, to which class this case belongs, the charge may be oral, unless before the evidence is closed the judge is requested to charge in writing. §35, p. 338, McC.'s Dig.; Burroughs vs. State, 17 Fla., 643. The record does not show that there was any request that the charge should be in writing, and consequently the assignment is not well made.

The other assignments are in effect that the evidence is not sufficient to support the verdict, and that the Circuit Judge erred in refusing to grant a new trial.

The testimony in behalf of the State is that, four or five years, or, as another witness says, more than two years before the trial, the plaintiffs in error went off together from the home of Peggy's husband, where Peter had been boarding, and rented a house. Peter stayed in this house with her, they staying together about five years. Just before they went off Peggy's husband, who had got tired of boarding Peter, told him he must leave. The husband says he never saw any cohabiting or immoral conduct on their part, and never saw them in bed together. That sometime after Peggy left she kept a restaurant or boarding-house in Bronson, and Peter and others boarded with her. Another witness, a son of the husband, says that before they went off, as stated above, and about three years before the trial, he

·  JUNE TERM, 1887.          341

Peter Luster et al. v. The State of Florida—Opinion of Court.

saw them in bed together at the husband's house.  The last witness says he went once to one house they occupied and peeped in at a crack but did not see anything.  Another witness says that about four or two years before the trial she went, in the day time, to a house the prisoners were staying at; that there was more than one room in the house; she saw but one bed; that Peggy "was setting up at the fire place and Peter was lying on the bed with the baby."  The record does not show whose baby it was. Another witness for the State says the plaintiffs in error have lived together ever since they left the house of Peggy's husband.  That when they were at one house he frequently passed it before day and sometimes would call, but never found them together.  He often came there early in the morning, and when he called they would answer in different ends of the house.  This house had four rooms, and Peggy lived in the west and Peter in the east end.  Other persons also staid in the house.

Each witness for the State, except the son of Peggy's husband, states expressly that he or she knew nothing of any cohabitation or immoral conduct on their part, and the son says he does not know what they did or how they lived.  There is no proof of any lewd or lascivious act, or that they occupied the same room of a house or any house with only one room, nor does the testimony of the witness who saw only one bed say that there was not another bed, or other beds, in the house.

There is nothing in the testimony of the defendant's witness that in any way contributes to sustain the indictment.

In Commonwealth vs. Calif, 10 Mass., 152, where the statute was like ours, it was admitted that one act of criminal intercourse could be proved, but held by the court that this was not sufficient to convict of the charge.  " By co-

habiting," says the court, "must be understood a dwelling or living together, not a transient or a single unlawful interview."

The evidence must show a dwelling or living together, or cohabitation, that is lewd and lascivious; it must show that the parties dwell together as if the conjugal relation existed between them. The object of the statute was to prohibit the public scandal and disgrace of such living together by persons of opposite sexes, and unmarried to each other; to prevent such evil and indecent examples, with their tendency to corrupt public morals. Proofs of occasional acts of incontinency will not of themselves sustain the charge. In State vs. Marvin, 12 Iowa, 499, there was testimony that the girl and defendant lived together, the former as a hired girl to the defendant, that there were two beds in the house, that witness and his brother slept in one and the girl in another and defendant on the floor; and the witness saw defendant get out of the bed with the girl twice, this being when it was so cold that he could not sleep on the floor, and it was held that even assuming that it could be inferred that there was illicit intercourse on both occasions, it would not sustain the charge in the indictment. See also Bishop on Statutory Crimes, §712; Searles vs. People, 13 Ill., 597; Brevaldo vs. State, 21 Fla., 789.

There is proof, it is true, that these parties lived in the same house, but none that during the period charged in the indictment this living was of the character charged; nor, ignoring both the rule laid down in Brevaldo vs. State, *supra*, as to proof of the substantive offence within the period covered by the pleading, and also the statute of limitations, is there in the light of the authorities evidence in the record sufficient to sustain the charge of lewd and lascivious association and cohabitation. It is true that in

such a case the evidence must to a great degree be circumstantial, but there is here an entire deficiency of proof of any kind of a dwelling together of these parties as if the conjugal relation existed between them.

The judgment is reversed and a new trial granted.