ABB PENTON AND ZADA EDGAR, *alias* ZADA LINDSAY, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In order to convict of the offence of lewdly and lasciviously associating and cohabiting together under the first clause of section 2596, Revised Statutes, the evidence must show a dwelling or living together by the parties as if the conjugal relation existed. A single or mere occasional acts of incontinency are insufficient to sustain the charge, the object of the statute being to prohibit the public scandal and disgrace of such living together by persons of opposite sexes who are unmarried to each other.

2. In the offence of lewd and lascivious cohabitation and association denounced by section 2596, Revised Statutes, there is included both lewd and lascivious intercourse and a living

or dwelling together as if the conjugal relation existed between the parties.

3. Evidence examined and found insufficient to support the verdict.

Writ of Error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the Court.

*A. G. Campbell,* for Plaintiffs in Error.

*The Attorney General,* for Defendant in Error.

CARTER, J.:

At the Spring term of the Circuit Court of Santa Rosa county, held in March of the present year, plaintiffs in error were indicted, tried and convicted for the offence denounced by the first clause of section 2596 Revised Statutes which reads: "If any man and woman, not being married to each other, lewdly and lasciviously associate and co-habit together, * * * they shall be punished," &c., and from the sentence imposed sued out this writ of error.

A motion for a new trial upon the ground, among others, that the evidence was insufficient to support the verdict was overruled, and this ruling, among others, is assigned as error. In Luster v. State, 23 Fla. 339, 2 South. Rep. 690, this court held that to convict of the offence of lewdly and lasciviously associating and co-habiting together under this statute, the evidence must show a dwelling or living together by the parties as if the conjugal relation existed; that a single or mere oc-

casional acts of incontinency are insufficient to sustain the charge, and that the object of the statute is to prohibit the public scandal and disgrace of such living together by persons of opposite sexes who are unmarried to each other. This construction has been adhered to in Pinson v. State, 28 Fla. 735, 9 South. Rep. 706, and Thomas v. State, 39 Fla. 437, 22 South. Rep. 725, where it is also said that in this offence there is included both lewd and lascivious intercourse and a living or dwelling together as if the conjugal relation existed between the parties. In addition to the authorities cited in those cases to sustain the construction placed upon the statute, see Jones v. Commonwealth, 80 Va. 18; State v. Foster, 21 W. Va. 767; State v. Miller, 42 W. Va. 215, 24 S. E. Rep. 882; State v. Chandler, 132 Mo. 155, 33 S. W. Rep. 797.

We have carfeully considered the evidence certified to us in the bill of exceptions in this case, and find it insufficient to sustain the charge made in the indictment under the previous decisions of this court above referred to. In view of this conclusion, we do not pass upon the other assignments of error.

The judgment is reversed and a new trial granted.