JEFF WHITEHEAD, *Plaintiff in Error*, v. THE STATE OF
FLORIDA, *Defendant in Error*.

CRIMINAL LAW—LEWD AND LASCIVIOUS COHABITATION—WHAT MUST
BE PROVED.

To convict of the crime of lewd and lascivious cohabitation, de-
nounced by section 2596, Revised Statutes, there must be proved
both lewd and lascivious intercourse, and a living or dwelling
together as though the conjugal relation existed between the
parties. Where the proofs show a residing together of the
parties, but are silent as to any lewd and lascivious intercourse
between them, there can be no conviction of the crime.

This case was decided by Division A.

Writ of error to the Circuit Court for Holmes county.

The facts in the case are stated in the opinion of the
court.

Liddon & Smith for plaintiff in error.

W. H. Ellis, Attorney-General, for the State.

TAYLOR, C. J.—The plaintiff in error, Jeff Whitehead,
together with one Alice Peterson, was indicted, tried and
convicted of the crime of lewd and lascivious cohabitation,
in the Circuit Court of Holmes county, and from the sen-
tence imposed the said Jeff Whitehead seeks relief here by
writ of error. Several errors are assigned upon rulings on
applications for postponement of the trial to procure the
attendance of absent witnesses, but from the conclusion we
have reached as to the merits of the case it becomes un-
necessary to pass upon such assignments of error.

The defendant moved for new trial upon the ground,
among others, that the verdict was not warranted or sup-
ported by the evidence. This motion was denied, exception
duly taken, and its denial is assigned as error.

By a long line of decisions here, as elsewhere, it is settled that to convict of the offence of lewd and lascivious cohabitation and association, denounced by section 2596, Revised Statutes, there must be proved both a lewd and lascivious intercourse, and a living or dwelling together as if the conjugal relation existed between the parties. *Penton v. State,* 42 Fla. 560, 28 South. Rep. 774; *Pinson v. State,* 28 Fla. 735, 9 South. Rep. 706; *Thomas v. State,* 39 Fla. 437, 22 South. Rep. 725; *Luster v. State,* 23 Fla. 339, 2 South. Rep. 690. No useful purpose can be subserved by recapitulating the proofs in the case here, but it will be sufficient to say that while it shows that the defendant, Jeff Whitehead, sometimes lived at the house of the other defendant, Alice Peterson, while several other persons also resided there, yet there is a total lack of proof to show that at any time within the statutory period of two years before the finding of the indictment there was any lewd and lascivious cohabitation or intercourse between them. For this failure in the proofs there could not properly be a conviction.

The judgment of the Circuit Court is reversed and a new trial awarded at the cost of the county of Holmes.

HOCKER and COCKRELL, JJ., concur.

CARTER, SHACKLEFORD and WHITFIELD, JJ., concur in the opinion.