T. J. PITCHFORD AND ALICIA CLARK, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

### Opinion Filed Feb. 11, 1913.

In a prosecution based on the last clause of Section 3519, General Statutes of 1906, the open and gross lewdness and lascivious behavior denounced by the statute must be such conduct as would bring upon a husband and wife the penalty of the statute, extremely indecent, immoral and offensive. The evidence in this case does not reveal such a condition of conduct.

Writ of Error to the Criminal Court for Dade County.

Judgment reversed.

*Price* & *Railey,* for Plaintiffs in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

HOCKER, J.—On October 22nd, 1912, an information was filed in the Criminal Court of Record of Dade County against T. J. Pitchford and Alicia Clark charging that on September 6th, 1912, "in the county and State aforesaid then and there, to and with each other, were then and there for a period of time extending over two years last past from the date of the filing of this information, guilty of open and gross lewdness and lascivious behavior, contrary to the form of the statute," etc. It is based on Section 3519 of the General Statutes of 1906, which is in these words:

"If any man and woman, not being married to each other, lewdly and lasciviously associate and cohabit together, *or if any man or woman, married or unmarried, is guilty of open and gross lewdness and lascivious behavior, they shall be punished by imprisonment in the State prison not exceeding two years, or in the county jail not exceeding one year, or by fine not exceeding three hundred dollars.*"

The information is based on the last clause which we have italicized. They were tried in October, 1912, convicted and sentenced. The case is here for review on writ of error.

There are eighteen assignments of error, but we shall only consider the last one, which questions the sufficiency of the evidence to sustain conviction. It is admitted by both parties that no case has heretofore been brought to this court based on the second clause of the section of the General Statutes of 1906, which we have quoted and italicized, and we can find none.

It seems to us that the "open and gross lewdness and lascivious behavior" denounced by the statute, must be such conduct as would bring upon a husband and wife

the penalty of the statute.   It must be "open and gross lewdness and lascivious behavior," extremely indecent, immoral and offensive.   Thus construing the statute the evidence entirely fails to establish the charge.   Both of the plaintiffs in error live in Miami.   Pitchford is a white man and married, Alicia is apparently a single colored woman.   She seems to have lived in her own house. Pitchford claims, and this is not disputed, that he is a vegetable grower, and at special seasons hires a number of negroes; that he hired Alicia when busy with the gathering and shipping vegetables.   The deputy sheriff testified that he knew the plaintiff in error; that on the day this case was brought he went about 1 o'clock to the house where Alicia Clark lived, taking Mr. Pratt with him.   He went into the house through the kitchen and a small hall, into the front room where he found Alicia Clark and Mr. Pitchford sitting on the edge of the bed; Alicia Clark was apparently dressing herself, having on only an undershirt and drawers and a pair of white stockings; that is all he noticed.   Mr. Pitchford was sitting right beside her with his shirt and breeches apparently on and with no coat on.   As he walked into the room his first impression was that Mr. Pitchford was reaching over to pull on her stocking.   Alicia Clark was sitting on the bed with one leg over the other, and apparently bending over as though to fix her shoe.   Mr. Pitchford was right beside her with his arm through hers. Mr. Pitchford looked up and asked the witness what he wanted.   His reply was I guess you know, and the witness opened the front door which was locked and called in Mr. Pratt, who was standing at the front door.     Mr. Pitchford did not get off the bed.   Witness went to the other part of the house to see if he could find any of Mr. Pitchford's clothes, etc., but did not find any and re-

turned to where the defendants were.     Mr. Pratt re-maining with them while he was gone.

It seems from this witness the doors were shut and shades pulled down.    He states that no one could see into the room through the windows without going very close and peering in.    He did not see anything until he got into the room where defendants were.    Mr. Pratt saw them sitting beside each other on the bed as close as they could get.

There were a number of witnesses who testified that Pitchford frequently visited the house of Alicia in the day time.    He sometimes went into the house, but not a particle of testimony showing *open and gross lewdness and lascivious behavior*.    The conduct of the defendants was reprehensible, but it is not shown to be of the kind denounced by this statute.    Commonwealth v. Catlin, 1 Mass. 7.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHIT-FIELD, J. J., concur.