**KENNETH KITTLESON v. STATE OF FLORIDA**

| | |
|---|---|
| 9 So. (2nd) 807 | June Term, 1942 |
| October 2, 1942 | Division A |

*Whitaker Brothers,* for plaintiff in error.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for defendant in error.

BUFORD, J.:

On writ of error we review judgment in habeas corpus proceedings remanding the petitioner to the custody of respondent.

Where an indictment or information entirely fails to charge a criminal offense the accused may test the sufficiency thereof in habeas corpus proceedings. See Skipper v. Schumacher, 124 Fla. 384, 169 So. 58; State ex rel. v. Coleman, 131 Fla. 892; 180 So. 357; Jones v. Cook, 146 Fla. 253, 200 So. 856; Sec. 140 Florida Criminal Procedure. Act.

The information in this case appears as follows:

"In the Criminal Court of Record, Hillsborough County, State of Florida.

"Joseph E. Williams,, County Solicitor for the County of Hillsborough, prosecuting for the State of Florida, being present in said court on the 9th day of January, A. D. 1942, for an amended information in this case, charges that:

### First Count:

"Kenneth Kittleson, on the 23rd day of October, A. D. 1941, in said County and State, was a lewd, wanton and lascivious person;

Second Count:

"Kenneth Kittleson on the 23rd day of October, A. D. 1941, in said County and State, was guilty of open and gross lewdness and lascivious behavior.

County Solicitor for the County of Hillsborough, State of Florida.

"(Bill of particulars attached hereto and made a part hereof).

State of Florida
County of Hillsborough

"Personally before me came Joseph E. Williams, County Solicitor for Hillsborough County, who being by me first duly sworn says that the allegations set forth in the foregoing amended information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense in said information charged.

"Subscribed and sworn to before me, this ....... day of January, A. D. 1942.

Clerk of the Criminal Court of Record, Hillsborough County, Florida."

From the transcript of the record before us it does not appear that the information was either signed or verified under oath, but we assume it was, as no point is made in that regard.

To the information it appears that there was attached a paper referred to as a bill of particulars, which was not sworn to or verified. Its contents are too filthy to be quoted for publication. That document cannot be looked to as supplying the allegations necessary in the information to constitute a charge of a criminal offense. See Middleton v. State, 74 Fla. 234, 76 So. 785; Smith v. State, 93 Fla. 238, 112 So. 70.

The record indicates that it was attempted to charge in each count of the information a violation of the provisions

of Sec. 798.02 or the provisions of Sec. 847.05 or the provisions of 800.03, Florida Statutes, 1941. These are kindred statutes dealing with lewd and lascivious conduct but penalties thereunder are not identical. Some of the statutes, supra, do not attempt to define the acts or conduct which may constitute the offenses condemned and as the acts which would fall within the purview of the Acts may only be limited in number and manner of performance by the ingenuity of the combined depraved minds of the evil men and women of present and passed ages, a charge so indefinite as those now before us in nowise advises the accused of what act the State will rely upon for conviction. See 847.05, supra, as well as the other sections above cited are comparable to Sec. 847.04 Florida Statutes, 1941, and indictments and informations thereunder should be governed by the same legal principles and when such principles are applied to this information it must be held void because it charges no offense. See Reyes v. State, 34 Fla. 181, 15 So. 875; Vannoy v. State, 94 Fla. 1175, 115 So. 510. See also Dameron v. State, 8 Mo. 494; U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135 and Newmann v. State, 116 Fla. 98, 156 So. 237.

As the information charges no offense, the judgment must be reversed and the cause remanded for further proceedings.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.