## DOROTHY WILDMAN v. STATE OF FLORIDA

25 So. (2nd) 808 January Term, 1946
April 23, 1946 Division A

*George S. Okell,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

ADAMS, J.:

Appellant was convicted of violating Sections 798.02 and 798.05, Fla. Stat. '41, F.S.A., in that she did, lewdly and lasciviously, associate and cohabit with one Oscar Dowdell who was not her husband. The second charge is that appellant, a white woman, and the said Dowdell, a negro man, did habitually live in and occupy, in the night time, the same room.

The question before us is whether the evidence is sufficient to sustain the convictions. Heretofore the statutes have been construed by us and the rule has been established that in order to convict of the first offense there must be proved both a lewd and lascivious intercourse and a living together as in the conjugal relation between husband and wife. See Luster v. State, 23 Fla. 339, 2 So. 690; Pinson v. State, 28 Fla. 735, 9 So. 706; Penton v. State, 42 Fla. 560, 28 So. 774; Whitehead

v. State, 48 Fla. 64, 37 So. 302; Langford v. State, 124 Fla. 428, 168 So. 528. The difficulty here as in most cases, lies in the application of the law to the facts.

The evidence consists of confessions of sexual intercourse and observations on the premises by deputy sheriffs, which is indicated that Dowdell maintained no abode in the apartment but his visits there were only to gratify the mutual sexual desires of the parties.

Dowdell had a wife and home in the City of Miami but was provided with a key to the apartment owned and occupied by appellant. About twice a week, over a fifteen months' period, Dowdell would go to the apartment in the night time for the purpose of sexual intercourse with appellant.

When the evidence is measured by the decisions of this Court it is insufficient to sustain a conviction on either charge.

The judgments are reversed and a new trial is granted.

Reversed.

TERRELL, BROWN, BUFORD and SEBRING, JJ., concur.

CHAPMAN, C. J., and THOMAS, J., dissent.