PER CURIAM.
The appellant was charged with a violation of § 800.04, Fla.Stat. (1967), F.S.A., entitled “Lewd, lascivious or indecent assault or act upon or in the presence of child.” On motion for directed verdict at the conclusion of the State’s case the court reduced the charge to a violation of § 798.-02, Fla.Stat. (1967), F.S.A.[1] At the conclusion of the non-jury trial appellant was found guilty and placed on probation for two years; this appeal followed.
Appellant has presented two1 points on appeal. The first urges that the evidence is insufficient to establish a prima facie case of “open and gross lewdness and lascivious behavior,” as set forth in § 798.02.
*95 The record contains testimony that the appellant, having consumed some alcohol, conducted himself in a manner which alarmed the adult supervisors of a troop of girl scouts. The girl scouts were having a holiday outing at one of the county beaches. In addition, there is evidence that the appellant approached and touched one of the children. The appellant on this appeal described this contact as a pat or push. The court found, from the testimony of the witnesses present that the touching of the child was insufficient to constitute an assault under § 800.04, which prohibits “handling], fondl[ing] or mak[ing] an assault upon any male or female child under the age of fourteen years * * *,” but sufficient to constitute a lewd and lascivious act under § 798.02, which prohibits “open and gross lewdness and lascivious behavior * * We think that this was a question of fact for the trial court to determine. Dickinson v. Geraci, Fla.App.1966, 190 So.2d 368, 388. We are unable to say as a matter of law that the appellant’s conduct was not open and gross lewd and lascivious behavior prohibited by § 798.02.
Appellant’s second point is directed to the admission in evidence of two magazines found on the front seat of appellant’s car when he was arrested. The trial judge termed them “pretty raw.” We think that error has not been demonstrated. In Williams v. State, Fla.1959, 110 So.2d 654, 662, the Supreme Court of Florida held: “Nonetheless, relevancy is the test. If found to be relevant for any purpose save that of proving bad character or propensity, then it should be admitted.” Possession of the magazines alone did not constitute lewd and lascivious behavior. But we think that possession of the magazines at the time and place the acts complained of occurred was a circumstance relevant to a determination of the guilt or innocence of the appellant.
Affirmed.

. “Lewd and lascivious behavior * * * or if any man or woman, married or unmarried, is guilty of open and gross lewdness and lascivious behavior, they shall be punished by imprisonment in the state prison not exceeding two years, or in the county jail not exceeding one year, or by fine not exceeding three hundred dollars.”