331 So.2d 289 (1976)
Charles Thomas CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 46530.
Supreme Court of Florida.
March 31, 1976.
Rehearing Denied May 25, 1976.
Leo A. Thomas, Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum and Magie, Pensacola, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
SUNDBERG, Justice.
This cause is before us on appeal from the Escambia County Court. In its order denying appellant's motion to dismiss and granting his motion for a bill of particulars, the trial court declared that Section 798.02, Florida Statutes,[1] is constitutional. Subsequently, a jury having found appellant to be guilty of engaging in open and gross lewdness and lascivious behavior, the court sentenced him to pay a fine in the amount of $350. This Court has jurisdiction under Article V, Section 3(b) (1), Florida Constitution.
On the weekend of July 4, 1974, there was a homosexual conclave in Pensacola, Florida. Local police officers were made aware of this event and visited bars and lounges frequented by Pensacola area homosexuals. Among these establishments was Robbie's YumYum Tree Lounge, where appellant was employed as a waiter. At approximately 2:00 a.m. on July 6, 1974, two of four undercover agents who had been in the YumYum Tree for some two hours saw appellant fondle one Jeffries, a patron; both Campbell and Jeffries were arrested for violating Section 798.02, Florida Statutes.
At trial, there was evidence that appellant fondled the fully-clothed Jeffries in the pubic area for some five seconds with his right hand while holding aloft a tray full of glasses with his left hand. After presentation of the State's evidence, the trial court dismissed the charges against Jeffries. Testifying in his own defense, appellant denied that such an event had ever occurred. The jury returned a verdict of guilty but had its foreman write the words "with leniency" on the verdict form.
*290 On appeal, Campbell alleges that Section 798.02, Florida Statutes, supra, is unconstitutionally vague and was applied to him in an unconstitutional manner. Finding as we do that the conviction cannot stand because the conduct proven does not constitute a crime under that statute, it is not necessary to reach the issue of constitutionality.
There have been only three reported appellate opinions construing the second clause of Section 798.02, Florida Statutes, (proscribing "open and gross lewdness and lascivious behavior"), which provides the basis for the charges against this appellant. In Coile v. State, 212 So.2d 94 (Fla.App. 3rd 1968), defendant was charged with the violation of Section 800.04, Florida Statutes, (lewd, lascivious, or indecent assault or act upon or in the presence of a child), and the trial court reduced the charge to a violation of the second clause of Section 798.02, supra. Coile involved offensive touching of a member of a Girl Scout troop on a holiday outing. A conviction under this clause was reversed in Kittleson v. State, 152 Fla. 242, 9 So.2d 807 (1942), for failure of the State to charge an offense under the statute. There, the State attemped to supply allegations necessary to the information through a bill of particulars which was neither sworn to nor verified. In Pitchford v. State, 65 Fla. 146, 61 So. 243 (1931), a white married man and a single black woman were observed by a deputy sheriff to be sitting on the edge of a bed, both in a state of semidress. In reversing the conviction, this Court observed that the behavior "denounced by the statute must be such conduct as would bring upon a husband and wife the penalty of the statute * * * extremely indecent, immoral and offensive." (Emphasis supplied.)
Pursuant to the dictates of Pitchford, supra, the trial judge charged the jury in the instant case:
"You are further advised that open and gross lewdness and lascivious behavior must be extremely indecent, immoral, and offensive in order to come within the provisions of the statute upon which it is alleged that the Defendant violated." (Emphasis supplied.)
Given the prior construction of the instant statute, the evidence in the record does not substantiate behavior which was "extremely indecent, immoral, and offensive". The term "indecent" is difficult enough of precise definition, but the term "extremely indecent" must certainly refer to an act more outrageous than that perpetrated by the appellant. Additionally, who in the dark and crowded recesses of the YumYum Tree at 2:00 a.m. on July 6, 1974, was "offended"? This is not to say that such establishments provide sanctuary from enforcement of our criminal laws. Our holding today is that there must be more to constitute "open and gross lewdness and lascivious behavior" than this record discloses and that a jury of reasonable persons could not reasonably have concluded that appellant's conduct at the time and place and under the circumstances it occurred constituted a violation of Section 798.02, Florida Statutes.
The judgment will be reversed.
OVERTON, C.J., and ADKINS and HATCHETT, JJ., concur.
ENGLAND, J., concurs with an opinion.
BOYD, J., dissents with an opinion.
ROBERTS, J., dissents and concurs with BOYD, J.
ENGLAND, Justice (concurring).
With increasing frequency we are being requested to test the constitutionality of vintage sex offense laws against society's current, and changed, contemporary understanding of subjects, experiences and expressions.[1] *291 In a recent challenge to one of these statutes, penalizing the commission of an "abominable and detestable crime against nature", we not only struck the law as fatally vague but we noted that other vintage sex offense statutes warranted "immediate legislative review and action."[2] This increasing pressure to cleanse Florida's statutes of anachronistic moral codes is highly relevant to our analysis of the statute now under review.[3] This statute was enacted in 1868 and it appears in our laws today in virtually the same way it was first enacted.
I agree with Justice Sundberg that no reasonable jury could have found Campbell guilty of "open and gross lewdness and lascivious behaviour" by applying the standard this Court established in Pitchford v. State, 65 Fla. 146, 61 So. 243 (1913). Additionally, however, it seems to me that the terms "open and gross", "lewdness" and "lascivious behaviour", necessarily cast a net of potential arrests so broad that contemporary persons of common understanding cannot know whether their behaviour is permitted or criminal.[4] For that reason, I would not only reverse appellant's conviction, but invalidate the statute.
This case re-emphasizes the need for legislative review of the unused, vintage, sex offense statutes which are still in force in this state.
BOYD, Justice (dissenting).
I must dissent.
During the weekend of July 4, 1974, there was a homosexual convention in Pensacola; testimony shows that the Pensacola Police Department was aware of this "gay" assemblage. At approximately 2:00 a.m. on July 6, 1974, two of the four undercover agents in Robbie's YumYum Tree Lounge saw Appellant, a waiter in that establishment, fondle one Mr. Jeffries, a customer there; whereupon, both Appellant and Jeffries were arrested for violation of Section 798.02, Florida Statutes.[1] The Yum *292 Yum Tree, a bar which caters to homosexuals, has a sign in front which welcomes everyone into the club but states that it does cater to "gay" people and that anyone offended by this should not enter.
On this appeal Appellant (1) challenges the constitutionality of the second clause of Section 798.02, Florida Statutes; (2) contends that the manner of his arrest was an unconstitutional application of that Section; and (3) asserts that the information fails to charge a crime under that Section.
Despite the majority's refusal to reach the constitutional issues I feel compelled by the majority opinion and Justice England's concurrence to discuss them.
It is Appellant's position that the second clause of Section 798.02, Florida Statutes ("... if any man ... engages in open and gross lewdness and lascivious behavior, [he] shall be guilty of a misdemeanor of the second degree ... ."), is unconstitutionally overbroad and void in that the terms "lewdness" and "lascivious behavior" are too vague that ordinary individuals must guess at their meaning and would differ as to their application, contrary to the requirement of due process of law.[2]
I cannot agree with this contention. In Webster's Third New International Dictionary (unabridged), the lexicon of contemporary society, the term "lascivious" is defined as "tending to arouse sexual desire"; the adjective "lewd" is defined as "inciting to sensual desire or imagination," while the noun "lewdness" is explained as being "the quality or state of being lewd." These definitions parallel the definition previously accepted by this Court in similar criminal statutes, i.e.:
"The words `lewd' and `lascivious' behavior when used in a statute to define an offense has been held to have the same meaning, that is, an unlawful indulgence in lust, eager for sexual indulgence...."[3]
Furthermore, lewdness or open and public indecency were offenses even at common law.[4] Other criminal statutes containing this language have been held to be constitutional and not to be void for vagueness and uncertainty in that the words "unnatural and lascivious" or "lewd and lascivious" have been found to be of such a character that an ordinary citizen can easily determine what character of act is intended.[5] Furthermore, this Court has observed that, to make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited.[6] Therefore, I conclude that Section 798.02, Florida Statutes, is constitutional. I am aware of the series of early cases[7] interpreting *293 "lewd and lascivious" as contained in Section 798.02, Florida Statutes; however, I distinguish these cases on the grounds that they related to the first, not the second, clause thereof and that each involved acts of sexual intercourse, an element not pressent sub judice.
The Information charged as follows:
"... that Charles Thomas Campbell ... did unlawfully engage in open and gross lewd and lascivious behavior by fondling the groin area or the penis of a male person ... in Robbie's YumYum Tree... contrary to the provisions of section 798.02, Florida Statutes... ."
Since the fondling of another's sexual organ in public is clearly a lewd and lascivious act and since the Information tracks the language of the statute, I cannot agree that the Information was insufficient in that it failed to charge a crime under that statute. I am not unmindful of Appellant's argument that the instant case involved a consensual touching of adults in an establishment catering to homosexuals where no children were present and where no one became offended.
The fact it was 2:00 a.m. at Robbie's YumYum Tree Lounge at a congregation of consenting homosexuals does not give immunity from the criminal statute which prohibits open, lewd and lascivious conduct. Such a rationale could be used to excuse other "victimless" crimes. In my opinion, homosexual activity does not acquire "constitutional immunity" from state statutes pertaining to lewd and lascivious behavior because it is committed in places frequented by consenting adults.[8]
I would affirm Appellant's conviction.
ROBERTS, J., concurs.
NOTES
[1] Lewd and lascivious behavior.  If any man and woman, not being married to each other, lewdly and lasciviously associate and cohabit together, or if any man or woman, married or unmarried, engages in open and gross lewdness and lascivious behavior, they shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083."
[1] Chesebrough v. State, 255 So.2d 675 (Fla. 1971) (as to Section 800.04, Fla. Stat.); Bell v. State, 289 So.2d 388 (Fla. 1973) (as to Section 796.07, Fla. Stat.); Thomas v. State, Fla., 326 So.2d 413, filed December 3, 1975; State v. Fasano, 284 So.2d 683 (Fla. 1973) and Witherspoon v. State, 278 So.2d 611 (Fla. 1973) (as to Section 800.02, Fla. Stat.); Franklin v. State, 257 So.2d 21 (Fla. 1971) and Parisi v. State, 265 So.2d 699 (Fla. 1972) (as to Section 800.01, Fla. Stat.); Washington v. State, 302 So.2d 401 (Fla. 1974) (as to Section 794.01(2), Fla. Stat.).
[2] Franklin v. State, 257 So.2d 21, 22 (Fla. 1971).
[3] It is interesting to note the very modest deterrent effect on society which is detectable from these ancient sex offense laws. The statute now under review, for example, has produced trial convictions brought to the appellate courts of this state on only ten occasions (only four of which were in the last 63 years). Seven involved that portion of the act affecting the conduct of unmarried men and women, and all involved acts of sexual intercourse. Luster v. State, 23 Fla. 339, 2 So. 690 (1887); Pinson v. State, 28 Fla. 735, 9 So. 706 (1891); Thomas v. State, 39 Fla. 437, 22 So. 725 (1897); Penton v. State, 42 Fla. 560, 28 So. 774 (1900); Whitehead v. State, 48 Fla. 64, 37 So. 302 (1904); Cloud v. State, 64 Fla. 237, 60 So. 180 (1912); Wildman v. State, 157 Fla. 334, 25 So.2d 808 (1946). This Court reversed each of those seven convictions. The other three convictions were generated by that portion of the statute which contains the language now under review. Two were reviewed by this Court and reversed. Kittleson v. State, 152 Fla. 242, 9 So.2d 807 (1942); Pitchford v. State, 65 Fla. 146, 61 So. 243 (1913). The other conviction, reviewed by the Third District Court of Appeal, was affirmed. Coile v. State, 212 So.2d 94 (Fla.App.3rd 1968). Today we again reverse a conviction. In sum, this Court has never sustained a conviction under this 107 year old statute. If criminal convictions provide deterrence to conduct unacceptable to civilized society, this law has been a dismal failure.
[4] For example, a lone male who endeavors to relieve the strain of tight undershorts while standing in a public place and being observed by a keen-eyed law official cannot be sure whether he has committed a criminal offense or not.
[1] Lewd and lascivious behavior.  If any man and woman, not being married to each other, lewdly and lasciviously associate and cohabit together, or if any man or woman, married or unmarried, engages in open and gross lewdness and lascivious behavior, they shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083."
[2] Brock v. Hardie, 114 Fla. 670, 154 So. 690, 694 (1934).
[3] Chesebrough v. State, 255 So.2d 675, 677 (Fla. 1971).
[4] Id. at 678.
[5] Section 796.07, Florida Statutes: Bell v. State, 289 So.2d 388 (Fla. 1973); Miami Health Studios, Inc. v. City of Miami Beach, 491 F.2d 98 (5th Cir.1974); Section 800.02, Florida Statutes: Murray v. State of Florida, 384 F. Supp. 574 (S.D.Fla. 1974); Bell v. State, supra, at 390; State v. Fasano, 284 So.2d 683 (Fla. 1973); Witherspoon v. State, 278 So.2d 611, 612 (Fla. 1973); Franklin v. State, 257 So.2d 21, 24 (Fla. 1971); Section 800.04, Florida Statutes: Chesebrough v. State, supra, Note 3.
[6] Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972).
[7] Luster v. State, 23 Fla. 339, 2 So. 690 (1887); Pinson v. State, 28 Fla. 735, 9 So. 706 (1891); Thomas v. State, 39 Fla. 437, 22 So. 725 (1897); Penton v. State, 42 Fla. 560, 28 So. 774 (1900); Whitehead v. State, 48 Fla. 64, 37 So. 302 (1904); Cloud v. State, 64 Fla. 237, 60 So. 180 (1912); Wildman v. State, 157 Fla. 334, 25 So.2d 808 (1946).
[8] Paris Adult Theatre I v. Slaton, 413 U.S. 49, 57, 93 S.Ct. 2628, 2635, 37 L.Ed.2d 446, 456 (1973).