## MERWIN v. STATE
### No. 80-45-AP F
Circuit Court, Duval County
July 16, 1981

James L. Harrison, for the appellant.

John B. Stetson, Jr., Assistant State Attorney, for appellee.

JOHN S. COX, Circuit Judge.

This is an appeal from Judgment and Sentence entered September 15, 1980 by The Honorable Ambrose Olliff, Division E, County Court, In and For Duval County, Florida.

Appellant, William R. Merwin, was convicted by a jury on August 27, 1980 on both Counts of a two-count direct information. The first count charged Appellant with commission of "an unnatural and lascivious act with another person, to-wit: H. Durden, Jr., in that said William R. Merwin did grab H. Durden's groin area, contrary to the provisions of Section 800.02, Florida Statutes". The second count charged the Appellant with the commission of Battery in that the Appellant "did actually and intentionally touch or strike H. Durden, Jr. against the will of said person by grabbing the victim's groin area, contrary to the provisions of Section 784.03(1)(a), Florida Statutes".

The only error assigned by the Appellant is the contention that the evidence was insufficient to support the conviction and subsequent Judgment and Sentence on both counts of the Information.

This Court disagrees and holds that the evidence *was* sufficient to support conviction on both Counts of the Information.

With reference to the charge in the first Count (violation of Section 800.02, Florida Statutes), Appellant relies upon *Campbell v. State,* 331 So.2d 289 (Fla.-1976); the dissenting opinion in *Mohr v. State,* 370 So.2d 17 (Fla. 1st DCA-1979). This Court does not consider the dissenting opinion in *Mohr* as being precedential (although the author of that dissent is held in the highest regard by this Court) and the facts of the case sub judice as revealed by the record are considerably different from those presented to the Florida Supreme Court in *Campbell.* Thus, this Court rules that neither *Campbell* or *Mohr* are controlling here.

Appellant also contends that under the cases of *Thomas v. State,* 326 So.2d 413 (Fla.-1975), *Franklin v. State,* 257 So.2d 21 (Fla.-1971) and *Morris v. State,* 261 So.2d 563 (Fla. 2nd DCA-1972), Section 800.02, Florida Statutes proscribes *only* the male homosexual acts of oral and anal copulation and that acts such as those revealed by the record in this case do *not* constitute ''an unnatural and lascivious act with another person''. This Court disagrees. Had the Legislature intended to narrow the scope of the statute to cover only oral and anal copulation, such would have been a simple task. The conclusion is inescapable that the obvious legislative intent was to *broaden* the scope of the statute and not to narrow the same to only two proscribed homosexual activities.

With reference to the Battery Count (Count II), Appellant contends that the proof at trial was insufficient to support a finding that the victim had been intentionally touched or stricken *against his will* and argues that the testimony of the victim that the grabbing and rubbing in the groin area by the Appellant was done without the victim's consent is insufficient. Under all the facts and circumstances of this case as shown by the record, this Court rejects that contention and finds that the evidence *was* sufficient to support a finding adverse to Appellant on that element of the criminal offense of Battery.

Accordingly, the Judgment and Sentence of September 15, 1980 is hereby confirmed.