718 So.2d 218 (1998)
STATE of Florida, Appellant,
v.
Tiffany Cara COYLE and Cherry Che Flatley, Appellees.
No. 96-04073.
District Court of Appeal of Florida, Second District.
July 31, 1998.
Rehearing Denied September 30, 1998.
*219 Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
Luke Charles Lirot of Luke Charles Lirot, P.A., Tampa, for Appellees.
PER CURIAM.
This case presents the issue of whether section 798.02, Florida Statutes (1995), is unconstitutionally vague. Based on prior case law defining and discussing the terms "lewd" and "lascivious," we conclude that the statute is not void for vagueness. Accordingly, we reverse the decision of the trial court.
For purposes of this opinion, the facts can be briefly stated. At 10:00 p.m. on December 7, 1995, Tiffany Cara Coyle and Cherry Che Flatley were performing their own unique form of entertainment on the stage of a licensed adult club in Tampa. At 10:10 p.m. on the same night, two Tampa undercover police officers arrested Coyle and Flatley. The women were charged with second-degree misdemeanors for "open and gross lewd and lascivious behavior" in violation of section 798.02.
After moving to consolidate, Coyle and Flatley filed a motion to dismiss the charges, which included a claim that the statute was unconstitutionally vague. The trial court agreed and granted the motion to dismiss, which the State now appeals to this court. Because the county court declared a state statute unconstitutional, we have jurisdiction. See State v. Freund, 561 So.2d 305 (Fla. 3d DCA 1990).
Chapter 798, Florida Statutes, is entitled "Adultery; Cohabitation." There are only two sections in this chapter. Section 798.02 reads:
Lewd and lascivious behavior.If any man and woman, not being married to each other, lewdly and lasciviously associate and cohabit together, or if any man or woman, married or unmarried, engages in open and gross lewdness and lascivious behavior, they shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
§ 798.02 (emphasis added). Coyle and Flatley were alleged to have violated the second portion of the statute, highlighted above. Although not defined in chapter 798, the words "lewd" and "lascivious" have been defined in cases interpreting this and similar statutes. In Chesebrough v. State, 255 So.2d 675, 677 (Fla.1971), the Florida Supreme Court upheld the constitutionality of section 800.04, Florida Statutes, a statute which proscribed a lewd and lascivious act in the presence of a child. Even though section 800.04 did not contain definitions of lewd and lascivious, the supreme court held:
"Lewd" and "lascivious" are words in common use, and the definitions indicate with reasonable certainty the character of the acts and conduct which the Legislature intended to prohibit and punish, so that a person of ordinary under-standing may know what conduct on his part is condemned.
Lewdness may be defined as the unlawful indulgence of lust, signifying that form of immorality which has a relation to sexual impurity. It is generally used to indicate gross indecency with respect to the sexual relations.
255 So.2d at 677 (citations omitted).
Five years after Chesebrough, the Florida Supreme Court reversed a conviction under section 798.02, the statute at issue in this case. See Campbell v. State, 331 So.2d 289 (Fla.1976). Because the supreme court concluded that Campbell's conduct was not "extremely indecent, immoral and offensive," and thus did not fall within the purview of the statute, the court reversed the conviction *220 without reaching the issue of the statute's constitutionality.[1] 331 So.2d at 290. In a concurring opinion, Justice England wrote that he would not only reverse the conviction but would also declare the statute unconstitutionally vague. He was not joined in his concurrence, however, and two justices signed on to a dissenting opinion that defended the statute as constitutional. Furthermore, although Justice England urged the legislature to revisit the vintage sex offense statutes, this statute remains on the books and appears in essentially the same language as when it was first adopted in 1868.
In reversing, we acknowledge the concern of the county court judge that these terms, although steeped in history, may not give adequate notice to the ordinary person of the conduct sought to be prohibited. In light of the common understanding of the terms and the applicable case law discussing and defining them, we hold that the statutory language gives adequate notice and is not unconstitutionally vague. We reject the county court's concern that certain innocent behavior, such as the "come hither look" could be criminalized under this statute. The lewd and lascivious definition includes a component of unlawfulness or wickedness. Accordingly, we reverse and remand for further proceedings.
FRANK, A.C.J., and BLUE and WHATLEY, JJ., concur.
NOTES
[1] Prior to Campbell v. State, 331 So.2d 289 (Fla. 1976), the Florida Supreme Court on two occasions reviewed this particular portion of the statute. See Kittleson v. State, 152 Fla. 242, 9 So.2d 807 (1942); Pitchford v. State, 65 Fla. 146, 61 So. 243 (1913). Kittleson's conviction was reversed because the information failed to set out the acts or conduct that were allegedly lewd and lascivious. Pitchford's conviction was reversed on the supreme court's determination that the evidence failed to show a violation of the statute. But in Coile v. State, 212 So.2d 94 (Fla. 3d DCA 1968), the Third District affirmed a conviction under this portion of the statute.