STEVENSON, J.
In this appeal, Ronald Conforti challenges the revocation of his probation. In 1989, Conforti was placed on probation after being convicted of sexual battery on a person less than twelve years of age, stemming from sexual acts with a young boy in a bathroom stall at a Sears store located in the Palm Beach Lakes Mall. The instant violation of probation charge resulted from an encounter between Conforti and an undercover police officer at John Prince Park in Lake Worth. After a brief conversation, Conforti asked the officer what he liked to do, and the officer responded “anything.” Conforti then sat in his vehicle which was located in the park, pulled his shorts down, and began to masturbate. After watching for about twenty-five seconds while standing beside the car, the officer pulled out his badge and placed Conforti under arrest. Subsequently, the trial judge found that Conforti had violated his probation and sentenced him to fifteen years in prison.
We reverse the revocation of probation. Section 800.02, Florida Statutes (2000), provides:
A person who commits any unnatural and lascivious act with another person commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. A mother’s breastfeeding of her baby does not under any circumstance violate this section.
*351 We note initially that the trial court was incorrect in finding that a conviction under this provision did not require that the act be “offensive” to some other person. Under Florida law:
[T]he terms “lewd” and “lascivious” are synonymous: Both require an intentional act of sexual indulgence or public indecency, when such act causes offense to one or more persons viewing it or otherwise intrudes upon the rights of others.
Schmitt v. State, 590 So.2d 404, 410 (Fla.1991)(citing Rhodes v. State, 283 So.2d 351, 356-57 (Fla.1973), citing Chesebrough v. State, 255 So.2d 675, 678 (Fla.1971)), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992)(footnotes omitted). Nevertheless, the trial judge also found that the police officer involved in this undercover operation was offended by the appellant’s actions which took place while appellant sat in his car within this open and public park.
Citing Campbell v. State, 331 So.2d 289, 290 (Fla.1976), appellant contends that his finding of guilt was improper because someone other than the investigating police officer must be offended by the lewd and lascivious behavior in question. In addition to Campbell, appellant cites several other lower court cases in support of this proposition. See State v. Silvers & Hall, 7 Fla. L. Weekly Supp. C592 (Fla. 17th Cir. Ct. June 15, 2000); State v. Niter, 4 Fla. L. Weekly Supp. C337 (Fla. 17th Cir.Ct. Jan. 4, 1996); State v. Tammy Schmidt, No. 93-10064 MM A02 (Fla. Palm Beach Cty. Ct. Apr. 4, 1993).
In the instant case, we do not need to reach the issue of whether it was enough that the undercover officer found the conduct offensive. We agree with appellant’s preliminary argument that no violation of section 800.02 occurred here for a more fundamental reason — the plain wording of the statute requires that the alleged lewd and lascivious act be committed “with another person.” Here, appellant sat in his car and performed the solitary act of masturbation while the officer stood outside and looked on. It cannot be said that appellant’s masturbation was committed by a person with “another person.” The legislature seems to have implicitly recognized that section 800.02 would not be applicable to behavior such as this by designing other statutory provisions within chapter 800 to cover it. Section 800.03 (exposure of sexual organs) prohibits exhibition and exposure of one’s sexual organs in public in a vulgar or indecent manner and section 800.04(7)(a)l (lewd or lascivious exhibition) specifically prohibits intentionally masturbating in the presence of a victim less than 16 years of age. Certainly, the public exhibition statute, section 800.03, if charged, would have been applicable to appellant’s behavior under these circumstances.
Accordingly, the revocation of probation and the sentence imposed are REVERSED.
TAYLOR, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.