FULMER, Judge.
The State appeals from an order granting Burdette’s motion to declare the impoundment provision of section 316.193(6)(a), Florida Statutes (2000), unconstitutional as applied.[1] We reverse because under our interpretation of section 316.193(6)(a), the statute did not apply and no impoundment could be ordered in Bur-dette’s case. Therefore, the trial court should not have considered the constitutionality of the statute.
Burdette pleaded' no contest to the charge of driving under the influence (DUI). At sentencing, as a condition of probation the trial court ordered a ten-day impoundment of the vehicle driven by Bur-dette, pursuant to section 316.193(6)(a). Burdette later moved the court to declare the vehicle impoundment provision unconstitutional on the grounds that, as applied, the statute violated Burdette’s right to due process and equal protection. The trial court held a hearing on the motion, at which Burdette presented undisputed testimony that the vehicle he had been driving at the time of the DUI offense was owned by Toyota Motor Credit and had been “a company vehicle.” The- lease on the vehicle had since expired, and Bur-dette did not own or possess any vehicles. The trial court granted Burdette’s motion.
Section 316.193(6)(a), which pertains to the penalties for a first DUI, provides, in part:
The court must also, as a condition of probation, order the impoundment or immobilization of the vehicle that was operated by or in the actual control of the defendant or any one vehicle registered in the defendant’s name at the time of impoundment or immobilization, for a period of 10 days or for the unexpired term of any lease or rental agreement that expires within 10 days.
At a hearing below, it appears that the parties and the trial court assumed this statutory provision required the trial court to order impoundment as a condition of probation even though the lease agreement on the vehicle had expired. The argument of the parties centered on whether it was constitutional to require a probationer to arrange for the impound *1094 ment of a leased vehicle that had been returned to the owner.
Under our reading of the statute, the impoundment provision was not applicable in this case because the vehicle Burdette was driving at the time of the DUI offense had no unexpired term remaining on the lease and Burdette had no vehicles registered in his name. The trial court erred in construing the statute to require impoundment as a condition of probation under these circumstances. And, because the statute does not apply to Burdette, we need not address the merits of the constitutional challenge.
Accordingly, we reverse the trial court’s order and remand with directions that the impoundment condition be stricken from Burdette’s probation order.
Reversed and remanded with directions.
BLUE, C.J., and CASANUEVA, J., Concur.

. Because the county court declared a state statute unconstitutional, we have jurisdiction. See State v. Coyle, 718 So.2d 218 (Fla. 2d DCA 1998); State v. Freund, 561 So.2d 305 (Fla. 3d DCA 1990).